498 P.2d 683

Bettye NIX, Administratrix of the Estate of William E. Nix, Plaintiff-Appellant,

v.

TIMES ENTERPRISES, INC., Defendant-Appellee.

No. 816.

Court of Appeals of New Mexico.

June 2, 1972.

H. Gregg Privette, Las Cruces, for appellant.

Neil E. Weinbrenner, Bivins & Weinbrenner, Las Cruces, for appellee.

## OPINION

HERNANDEZ, Judge.

Plaintiff, administratrix of the estate of her deceased husband, her husband having died during the pendency of the action, seeks a reversal of an order granting defendant's motion for summary judgment.

The original complaint was filed April 8, 1970. On June 3, 1970 plaintiff filed an amended complaint, pleading in the alternative, in two counts, to-wit: (1) for Workmen's Compensation benefits, and, (2) for damages resulting from injuries sustained by Wm. E. Nix, by reason of defendant's negligence.

The first count of plaintiff's amended complaint alleged that on April 5, 1969 at 7:30 a. m., Wm. E. Nix suffered an accidental injury while working cattle on defendant's ranch. Plaintiff also alleged that defendant employed more than four workmen and its commercial activities extended into other states and involved employees other than farm and ranch workers. Finally, plaintiff alleges she has been informed by defendant that defendant carried no workmen's compensation insurance.

The second count alleged that at the time Wm. E. Nix fell from his horse while working cattle in rough and dangerous country that defendant was negligent in failing to fence off this hazardous area and in failing to furnish adequate numbers of personnel to insure safety of operations. Plaintiff also alleged that defendant was negligent in failing to furnish safety devices and in failing to provide a means other than horses for working the cattle in a hazardous area.

Defendant's answer, to the first count of plaintiff's amended complaint, in addition to various denials and the defense of failure to state a claim upon which relief can be granted, alleged that:

"... the operation of said defendant in which William E. Nix was engaged is a ranching enterprise and as such, does not come within the provisions of the New Mexico Workmen's Act. ..."

Defendant's answer to the second cause of action, in addition to denials, pleaded several affirmative defenses, including assumption of risk, unavoidable accident and contributory negligence.

On June 18, 1971 defendant filed a motion for summary judgment pursuant to § 21-1-1(56) (b), N.M.S.A. 1953 (Repl. Vol. 4). An order granting the motion and dismissing plaintiff's amended complaint was entered on July 29, 1971.

On June 24, 1971 plaintiff filed a motion to compel discovery and on August 9, 1971 filed requested findings of fact and conclusions of law and on August 10, 1971 filed notice of appeal. Neither the motion nor the requested findings and conclusions were ruled upon, and apparently plaintiff sought no ruling.

Plaintiff sets out four points upon which she relies for reversal and we quote:

"Point I. The Court erred in dismissing Count I of plaintiff's complaint.

"Point II. The Court erred in dismissing Count II of plaintiff's complaint.

"Point III. The trial court erred in refusing to allow further discovery.

"Point IV. The trial court erred in failing to rule on plaintiff's requested findings of fact."

■ Our consideration of Points I and II is governed by the following: We are required to view the record in the light most favorable to plaintiff. Reinhart v. Rauscher Pierce Securities Corp., 83 N.M. 194, 490 P.2d 240 (Ct.App.1971). Should the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, then the moving party is entitled to a judgment as a matter of law. Section 21-1-1(56) (c), N.M.S.A.1953 (Repl. Vol. 1970). Williams v. Herrera, 83 N.M. 680, 496 P. 2d 740 (Ct.App.), decided April 14, 1972; Brock v. Goodman, 83 N.M. 580, 494 P.2d 1397 (Ct.App.1972). Should there be such a showing then ". . . an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Section 21-1-56(e), N.M.S.A.1953 (Repl. Vol. 4).

■ As to Point I, the undisputed facts show that the defendant was engaged in a ranching operation where plaintiff's deceased husband was employed at the time of the accident. An employer of farm or ranch laborers is not subject to the provisions of the Workmen's Compensation Act, § 59-10-4(A), N.M.S.A.1953 (1971 Supp.), unless such employer elects to bring himself within the Act. Section 59-10-4(B),

N.M.S.A.1953 (1971 Supp.). There is therefore no material issue of fact as to Point I and the summary judgment was correct as a matter of law.

■ The facts pertinent to plaintiff's second cause of action as disclosed by the depositions and the affidavits submitted in support of defendant's motion for summary judgment are as follows: that Wm. E. Nix had been employed on the Corralitos Ranch for eighteen years as manager or foreman prior to the date of the accident; that there was no one over him in authority at the ranch; that he was familiar with the ranch and the particular area where the accident occurred; that there were other areas on the ranch similar to the one where the accident occurred; that there were various holes, possible animal holes, in this area; that what probably caused Mr. Nix's horse to stumble was that it stepped into one of these holes; that Mr. Nix was loping his horse at the time he fell; that Mr. Nix was a good and experienced horseman and that the horse he was riding was a good horse; that persons who work in the ranching industry are familiar with the fact that horses do on occasion stumble and fall; that on the day of the accident there were five men, including Mr. Nix, working between twenty and fifty cattle; that at no time did Mr. Nix ever request any type of vehicle for use in the rounding up of cattle and that he had never requested any safety device that had not been provided him; that he had never requested that any portion of the ranch be fenced off as being dangerous and that he had the authority to do so if he considered an area dangerous. He had not requested additional personnel to assist in the roundup being conducted at the time of the accident; that Mr. Nix had the authority to hire additional personnel had he thought it necessary; that there are no safety devices that can be placed on a horse to keep it from stumbling and falling or that would keep the rider from falling if the horse did stumble or fall; that the topography of the Corralitos Ranch is such

that it is not suited to rounding up cattle by means other than horseback; that the usual and customary way of rounding up cattle in Dona Ana County, New Mexico, is by horseback.

These facts effectively controverted all of the allegations of negligence set forth in plaintiff's complaint and showed that there was no genuine issue as to any material fact.

The plaintiff, in opposition to defendant's motion for summary judgment, submitted three affidavits which disclosed that there were ranches in Dona Ana County, New Mexico, comparable to the Corralitos Ranch where they used jeeps and airplanes to work cattle. That there were few competent cowboys available for hire on April 5, 1969, or in the days immediately preceding. That Mr. Nix had on occasion bartered horses and cattle to obtain hay to feed the cattle on the Corralitos Ranch and that he did this because he did not have enough money to run the ranch.

Plaintiff's response failed to set forth specific facts showing that there was a genuine issue for trial.

■ Plaintiff's third point, that the trial court erred in refusing to allow further discovery, and plaintiff's fourth point, that the trial court erred in failing to rule on plaintiff's requested findings of fact, will be considered together. There is nothing in the record to indicate that these matters were ever presented to the lower court and, if so, what the court's rulings were. The facts necessary to present a question for review by an appellate court are established only through a transcript of the record certified by the clerk of the trial court. Any fact not so established is not before this court. Richardson Ford Sales v. Cummins, 74 N.M. 271, 393 P.2d 11 (1964). Section 20-2-1(20) (2), N.M. S.A.1953 (Repl. Vol. 4).

Affirmed.

It is so ordered.

SUTIN and COWAN, JJ., concur.