615 P.2d 268

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Norman Smith, Petitioners,

v.

### Clark SUTHERLAND and the Board of County Commissioners of the County of Bernalillo, Respondents.

No. 13023.

Supreme Court of New Mexico.

Aug. 20, 1980.

Klecan & Roach, James T. Roach, Albuquerque, Thomas A. Simons, IV, Santa Fe, for petitioners.

Louis S. Marjon, John J. Carmody, Joe C. Diaz, Albuquerque, Randolph B. Felker, Santa Fe, for respondents.

## OPINION

FEDERICI, Justice.

Our previous unpublished Decision in this matter is withdrawn and this Opinion is substituted therefor. Counsel for all parties were granted permission to file additional memoranda or briefs.

The vehicles of respondent (Sutherland) and Lucero collided in Bernalillo County.

As a result of this collision, Sutherland brought suit against Lucero for damages, against respondent Board of County Commissioners of Bernalillo County (County) for failure to maintain an intersection in a safe and usable condition, and against petitioners State Farm Mutual Automobile Insurance Company (State Farm) and its agent, Norman Smith (Smith), for negligently or fraudulently disavowing Sutherland's automobile insurance policy.

The trial court entered summary judgment against Sutherland and for State Farm, Smith and the County. Sutherland appealed to the Court of Appeals and it reversed the trial court. State Farm and Smith filed a writ of certiorari with this Court.

On March 20, 1978, State Farm and Smith filed their motion for summary judgment. On that day, copies of the motion for summary judgment were mailed to opposing counsel. The motion was set for hearing on May 5, 1978, and appropriate notices were filed and mailed to all counsel of record. The motion was heard by the trial court on May 5, 1978, as scheduled. No ruling was made at this initial hearing. The hearing was continued and the ruling delayed to afford Sutherland an opportunity for additional discovery. The motion was again argued at a hearing in the trial court on July 26, 1978, at which time the court granted summary judgment to State Farm and Smith. That judgment was filed on July 31, 1978.

The County filed a motion for summary judgment on July 19, 1978. The motion was served by mailing on July 18, 1978. The trial court held a hearing on the motion on July 26, 1978. The trial court granted summary judgment in favor of the County on August 16, 1978.

Sutherland appealed these summary judgment orders to the Court of Appeals. That court issued a memorandum decision reversing the trial court. A majority of the judges on the Court of Appeals reversed the trial court based solely upon lack of proper notice and service under N.M.R.Civ.P. 56(c), N.M.S.A. 1978 (Repl.Pamp.1980). This issue

was raised sua sponte by the Court of Appeals. The specially concurring opinion states an additional ground for reversal but that ground was not concurred in by the author of the opinion. Rule 56(c) provides:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits.

■ We agree with the statement made in the Court of Appeals memorandum opinion that the provisions for notice and the opportunity to serve opposing counsel are mandatory. *See Barnett v. Cal M, Inc.*, 79 N.M. 553, 445 P.2d 974 (1968). The record in this case reflects that those provisions were satisfied by State Farm and Smith. They were not satisfied by the County.

Concerning State Farm and Smith, Sutherland raised the issues of fraud and constructive fraud, and we must look further to determine whether there was any genuine issue of material fact before the trial court. If there was, summary judgment was improperly granted. Sutherland claims that such issues are created by an affidavit submitted by Sutherland's mother and by a deposition of Smith.

The affidavit states that Mrs. Sutherland met with Smith on or about December 27, 1976. It continues:

> 3. At that time and place I informed Mr. Smith that I knew that we had State Farm Insurance on the vehicle, that the insurance was due on December 23, 1976, and I was not sure whether (Sutherland) had sent the premium in.
>
> 4. Mr. Smith told us that "insurance premiums cannot be paid on totaled cars."

Smith states in his deposition that he did not say this to Mrs. Sutherland.

■ Sutherland has placed no genuine issue of material fact before the trial court or this Court through the affidavit or the deposition. In his complaint, Sutherland states that Mrs. Sutherland "offered to pay the premium due on the insurance policy. . . . At that time . . . the Defendant Norman Smith negligently or frau-

dently (sic) informed Emma C. Sutherland that she could not pay the premium due on the aforementioned insurance policy. . . ." If this allegation were before the trial court, based upon the affidavit or deposition, or both, we would have no difficulty finding that there was a genuine issue of material fact before the trial court. The deposition in question, however, raises no such issue. On the contrary, Smith's statements in his deposition controvert the claim and Mrs. Sutherland's affidavit does not support it. Once Smith denied the claim in his deposition, it was incumbent upon Sutherland to "show that evidence is available would justify a trial on that issue." *Rekart v. Safeway Stores, Inc.*, 81 N.M. 491, 494, 468 P.2d 892, 895 (Ct.App.1970). He could not simply rely upon his compliant, general allegations, or arguments of counsel. *Nix v. Times Enterprises, Inc.*, 83 N.M. 796, 498 P.2d 683 (Ct.App.1972). *See also Cessna Finance Corp. v. Mesilla Valley Flying Serv.*, 81 N.M. 10, 462 P.2d 144 (1969), *cert. denied*, 397 U.S. 1076, 90 S.Ct. 1521, 25 L.Ed.2d 811 (1970).

The trial court is affirmed and the Court of Appeals is reversed on all issues as to State Farm and Smith. The trial court is reversed and the Court of Appeals is affirmed on the issue of notice as to the County and the cause is remanded to the trial court for further consideration consistent with this Opinion.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, PAYNE and FELTER, JJ., concur.