704 P.2d 1105

**Peter Gene THORNFIELD, Plaintiff-Appellant,**

v.

**FIRST STATE BANK OF RIO RANCHO, Defendant-Appellee.**

**No. 7102.**

Court of Appeals of New Mexico.

Dec. 13, 1983.

Certiorari Quashed Aug. 12, 1985.

Hank Farrah, Trevor McMillan, Albuquerque, for plaintiff-appellant.

Ronald F. Horn, Phil Krehbiel, Keleher & McLeod, P.A., Albuquerque, for defendant-appellee.

## OPINION

BIVINS, Judge.

Plaintiff, Peter Thornfield, filed suit against defendant to recover compensatory and punitive damages alleging defendant's employees made false and malicious statements which caused federal officials to bring criminal proceedings against him. From a judgment dismissing the complaint, entered pursuant to NMSA 1978, Civ.P.R. 37(B)(2) (Repl.Pamp.1980), plaintiff appeals claiming abuse of discretion. We hold the trial court did not abuse its discretion, and affirm.

On June 9, 1982, defendant served plaintiff with interrogatories and a request for production. At a pretrial hearing held on August 9, 1982, plaintiff's counsel informed the trial court that "the interrogatories were prepared," and he thought discovery could be completed within the next few days. The trial court ordered the parties to complete all discovery by October 1, 1982.

On August 26, 1982, the trial court granted the defendant's motion made on August 25, 1982, for an order compelling discovery. The trial court ordered that "plaintiff serve answers to Interrogatories and Request for Product [sic] of Documents within five days, and that his failure to do so will result in further sanctions as provided in Rule 37 of the Rules of Civil Procedure." The trial court also ordered plaintiff to pay defendant's attorney fees incurred in filing the motion to compel.

On September 3, 1982, plaintiff filed answers to the interrogatories, three days late, but did not respond to the request for production. Defendant, on September 28, 1982, made a motion to compel more complete answers to the interrogatories and to

compel a response to the request for production. The trial court held a hearing to consider the motion to compel on December 22, 1982. Following that hearing, the court entered a default judgment against both plaintiffs on January 10, 1983.

■ We first summarily dispose of the claim made, for the first time in plaintiff's reply brief, that since the discovery was directed to plaintiff, Peter Thornfield, default judgment would not be an appropriate sanction as to plaintiff, April Thornfield. On defendant's motion, the trial court had added April Thornfield as an additional party plaintiff. Defendant moved to strike the issue from the reply brief on the grounds that it had not been raised below or in the brief in chief and that plaintiff had failed to cite authority in support of his argument. We need not address any of those matters. The judgment by default dismissed with prejudice the claims of both plaintiffs. In the notice of appeal, only Peter Thornfield appealed from that judgment. April Thornfield is not before this court and the judgment against her is final. *See* NMSA 1978, Civ.App.R. 3 (Cum.Supp.1983); *Miller v. Doe*, 70 N.M. 432, 374 P.2d 305 (1962).

## DISCUSSION

The Supreme Court in *United Nuclear Corp. v. General Atomic Co.*, 96 N.M. 155, 629 P.2d 231 (1980), has discussed almost every conceivable question regarding discovery and the sanction of default judgment. Plaintiff seeks to distinguish that case and others upholding default judgments.

### I. Willfulness, Bad Faith or Fault

Rule 37(B)(2) authorizes a trial judge to dismiss an action or render a judgment by default against a party who fails to obey an order to provide or permit discovery. The Supreme Court has construed this rule to require that denial of an opportunity for a hearing on the merits be imposed only "when the failure to comply is due to the willfulness, bad faith or fault of the disobedient party." *United Nuclear* at 202,

629 P.2d 231. The Supreme Court also approved the following definition of "willfulness" from *Rio Grande Gas Company v. Gilbert*, 83 N.M. 274, 491 P.2d 162 (1971).

[A] willful violation of a provision of a statute or regulation is any conscious or intentional failure to comply therewith, as distinguished from accidental or involuntary non-compliance, and * * * no wrongful intent need be shown to make such a failure willful. (Citations omitted.)

*United Nuclear* 96 N.M. at 202, 629 P.2d 231.

Plaintiff argues that the record contains no showing of bad faith or willfulness. In entering the default judgment, the trial court made the following findings, among others.

8. Conusel [sic] for Plaintiffs has acknowledged that Plaintiffs were aware of the Request for Production and that the Request had not been responded to.

9. Counsel for Plaintiffs has acknowledged that the Plaintiff had failed to completely answer the Interrogatories and that the Answers to Interrogatories filed on September 3, are not complete, and should be supplemented.

10. Counsel for Plaintiffs has acknowledged that no attempt had been made to obtain additional time within which to respond to the Request for Production, despite Defendant having filed it's Motion to Compel nearly four months prior to this matter being heard by the Court.

■ The transcript from the December 22, 1982 hearing supports the trial court's findings. At oral argument plaintiff's counsel stated that objections to certain interrogatories had been filed with the partial answers. These objections do not appear in the record. *See Nix v. Times Enterprises, Inc.*, 83 N.M. 796, 498 P.2d 683 (Ct.App.1972). Even if these objections were before us, the failure to respond in any way to the request for production

would itself support the trial court's findings.

Although the plaintiff in this case apparently did not act in bad faith as did the defendant in *United Nuclear*, the facts nonetheless support a determination of willfulness. Plaintiffs represented to the trial court that they would complete discovery obligations within a few days. When they did not, the court entered an order requiring them to respond within five days. Plaintiffs made a partial response to the interrogatories eight days later, but no response to the request for production. At the final hearing plaintiffs acknowledged that they had not fulfilled discovery requirements. These facts indicate a "conscious or intentional failure to comply" which amounts to willfulness under *United Nuclear*.

Thus, the record contains evidence of "willfulness, bad faith or fault" which supports the trial court's sanction.

## II. Abuse of Discretion

Case law requires an appellate court reviewing a Rule 37 default judgment:

"to consider the full record" as well as the reasons assigned by the Trial Court for its judgment, and to reverse the judgment below, if after such review, the appellate court " 'has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' "

*United Nuclear* at 203, 629 P.2d 231, quoting from *Wilson v. Volkswagon of America, Inc.,* 561 F.2d 494 (4th Cir.1977).

## A. Defendant's Failure to Request Default Judgment

 Plaintiff argues that the trial court could not sua sponte enter the default judgment, citing NMSA 1978, Civ. P.R. 55(b) (Repl.Pamp.1980) which states, "Judgment by default may be entered as follows: in all cases the party entitled to a judgment by default *shall apply* to the court therefor * * *." (Emphasis added.)

Plaintiff's reference to Rule 55 is misplaced. The requirement that a party apply for default judgment is limited by the language of the rule to cases in which a party fails to "plead or otherwise defend." Here, in contrast, the trial court imposed the sanction when plaintiff failed to obey a court order. The sanction of judgment by default was available with or without a request.

## B. Notice

 Plaintiff argues generally that the trial court abused its discretion because he received no notice that default judgment could be entered against him until it happened.

As noted, plaintiff had notice that the trial court intended to impose Rule 37 sanctions if he failed to fulfill discovery responsibilities. Plaintiff's counsel indicated plaintiff's awareness of the possibility of dismissal at the December 22, 1982 hearing. He told the court:

You ordered that $100.00 attorney's fees be paid and that if we didn't answer those interrogatories and file the request for production within five days you would take further sanctions under Rule 37 * * *.

* * * * * *

* * * What I propose to do is to concede that an order should be entered saying that if things aren't provided within the time set by the Court, and I would ask for fifteen days, then the case will be dismissed.

He also informed the court that plaintiff wanted to cooperate but was having trouble assembling documents because of his move to Texas and his pending divorce.

Nothing on the face of Rule 37 requires notice before imposition of sanctions. The fact that the sanctions are spelled out in the rule provides ample notice. Moreover, the record in this case would support a finding of actual notice.

## C. Less Drastic Sanctions

Plaintiff argues that the trial court abused its discretion in failing to impose available, less drastic sanctions.

On August 26, 1982, the trial court, as a sanction, required plaintiff to pay the attor-

ney fees incurred by defendant in filing its August 25 motion to compel. At the same time it warned plaintiff that failure to comply would result in further Rule 37 sanctions.

At the December 22, 1982 hearing plaintiff requested fifteen additional days and suggested that if they could not meet the requirement the trial court, as a sanction, could dismiss the case.

In light of the fact that more than six months passed from the time defendant first requested discovery information to the time the trial court entered the default judgment without any request for a protective order or evidentiary showing of a need for more time from plaintiff, default judgment was not inappropriate.

## CONCLUSION

In *State v. Hargrove*, 81 N.M. 145, 464 P.2d 564 (Ct.App.1970), this Court provides a clear definition of "judicial discretion" and "abuse of discretion" which is appropriate to our discussion. Speaking through Chief Judge Speiss, we said:

The exercise of judicial discretion under these circumstances is, of course, not reviewable. It is the alleged abuse which is the subject of our review. Defining together the terms "judicial discretion" and "abuse of judicial discretion," Bowers, Judicial Discretion of Trial Courts § 12 (1931) contains the following:

"The accepted understanding of the term does not necessarily, or very frequently, mean that any aspersions whatever are cast upon the trial court. Defining the two terms together, it may be said that judicial discretion is the option which the judge may exercise between the doing and the not doing of a thing, the doing of which can not be demanded as an absolute right of the party asking it to be done; and that an abuse of discretion is an erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be

drawn from such facts and circumstances. While it may amount to an axiom to say that difference in judicial opinion is not synonymous with abuse of judicial discretion, it yet remains true that the latter signifies that a ruling or decision has been made that is clearly untenable. * * * It is really a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence."

*Id.* at 147, 464 P.2d 564.

After considering the full record, we are unable to say that the trial court committed a clear error, or that its decision was untenable and clearly against reason and the evidence.

Accordingly, we affirm the judgment with plaintiff to bear appellate costs.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.