This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**LION'S GATE WATER,**

    Petitioner-Appellant,

**v.**                                               **NO. A-1-CA-35022**

**JOHN R. D'ANTONIO, JR.,**
**STATE ENGINEER FOR THE**
**STATE OF NEW MEXICO,**

    Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**J.C. Robinson, District Judge**

Robert S. Simon
Albuquerque, NM

for Appellant

Office of the State Engineer
Gregory C. Ridgley, General Counsel
L. Christopher Lindeen, Deputy General Counsel
Paul D. Bossert, Special Assistant Attorney General
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     "This case comes to us through a long and tortuous route, wending its way from the Office of the State Engineer to [the New Mexico Supreme Court] over the course of more than six years." *Lion's Gate Water v. D'Antonio*, 2009-NMSC-057, ¶ 1, 147 N.M. 523, 226 P.3d 622. So began our Supreme Court's opinion when this case was first before it more than eight years ago. Upon remand to the district court and following more than two years without any significant activity by Petitioner to bring its claim to trial, the district court granted Respondent's Rule 1-041(E)(1) NMRA motion to dismiss with prejudice Petitioner's case, which dismissal Petitioner appeals. Concluding that the district court did not abuse its discretion in granting Respondent's motion, we affirm.

**BACKGROUND**

{2}     The history of this case is set forth in detail in *Lion's Gate*, 2009-NMSC-057. Because this is a memorandum opinion and the parties are familiar with the facts of the case, we only briefly set forth here the procedural history following our Supreme Court's remand in the prior appeal and reserve discussion of additional facts where necessary to our disposition of the case.

{3}     Following our Supreme Court's remand to the district court in December 2009, Petitioner actively litigated its case for approximately eighteen months, starting in

March 2010 when new counsel for Petitioner entered his appearance and continuing through September 2011. On October 8, 2013, Respondent filed a motion to dismiss with prejudice Petitioner's case under Rule 1-041(E)(1) on the basis that Petitioner "has taken no action to further its case in more than two years[.]" Over Petitioner's opposition, the district court granted the motion after concluding that Petitioner "has taken no steps to bring its claim to trial or other final disposition since September 20, 2011." Petitioner moved for reconsideration, but before the district court could rule on that motion, Petitioner appealed the district court's dismissal order to this Court. We issued a mandate summarily dismissing Petitioner's appeal for lack of a final order.

{4}     Following remand from this Court, neither party took any action to bring the matter to the district court's attention for more then six months, when, in April 2015, counsel for Respondent contacted the district court to inquire about the status of the case. While noting the "already voluminous pleadings spanning five files" available for its consideration, the district court allowed the parties to file one supplemental brief that it would consider in ruling on the motions pending before it.[1] Upon consideration of the pleadings in the record and the parties' supplemental briefs, the

---

[1]In addition to its motion for reconsideration, Petitioner also filed a motion for leave to file a sur reply to Respondent's reply in support of its motion to dismiss. The district court's ruling on that motion is not at issue in this appeal and will not be discussed further.

3

district court denied Petitioner's motion for reconsideration. Petitioner appeals from that order.

**DISCUSSION**

{5}	Petitioner makes numerous arguments on appeal, which we consolidate and address as follows: (1) whether the district court erred in granting Respondent's motion to dismiss, and (2) whether the district court erred by granting the motion without first holding an evidentiary hearing.

**I.	Whether the District Court Erred in Granting Respondent's Motion to Dismiss**

{6}	Petitioner advances various arguments as to why it was error for the district court to dismiss Petitioner's case, including that (1) dismissal is not in accordance with our Supreme Court's opinion in *Lion's Gate*, (2) Rule 1-041(E)(1) is inapplicable to the circumstances of this case, and (3) the district court abused its discretion in granting Respondent's motion to dismiss. We address each argument in turn.

**1.	The District Court's Dismissal of Petitioner's Case Is Not Contrary to Our Supreme Court's Decision in *Lion's Gate***

{7}	Petitioner first argues that the district court erred in granting Respondent's motion to dismiss because dismissal "is not in accord with the direction of the Supreme Court" in *Lion's Gate*. According to Petitioner, our Supreme Court "ordered the [district court] to conduct a *de novo* review of the issues decided by"

Respondent—i.e., the availability of water for appropriation—and, thus, "the [district court] committed a serious and fundamental error" by granting Respondent's motion to dismiss and not holding a trial de novo on the issue of water availability.

{8}     As an initial matter, we note that Petitioner wholly fails to develop this argument or cite any authority in support thereof, meaning we are under no duty to even consider it. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow this Court to evaluate the claim); *ITT Educ. Servs., Inc. v. N.M. Taxation & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (explaining that this Court will not consider propositions that are unsupported by citation to authority). However, because Petitioner so badly misconstrues *Lion's Gate*'s mandate and has a history of "fabricat[ing] principle[s,]" *Lion's Gate*, 2009-NMSC-057, ¶ 28, we very briefly address the merits—or rather, lack thereof—of Petitioner's argument in order to fully dispose of it.

{9}     In *Lion's Gate*, our Supreme Court agreed with the argument advanced by Respondent in that appeal and held that "the district court is limited to a de novo review of the issue before the State Engineer, which was solely whether water is available for appropriation." 2009-NMSC-057, ¶ 2. The court reversed the district

court's ruling that it had jurisdiction to conduct a trial de novo "on all issues" that had been before the State Engineer and remanded "for further proceedings consistent with this opinion." *Id.* ¶¶ 14-15, 37. Nowhere did the court "order" the district court to conduct a trial de novo as Petitioner contends; rather, the opinion clarified that the district court had jurisdiction to do no more than conduct a de novo review on the limited issue of water availability. *See id.* ¶ 17 ("We conclude that a district court *is limited to* a de novo review of the issues decided by the State Engineer, which in this case is whether water is available for appropriation." (emphasis added)). In other words, *Lion's Gate* established the maximum reach—i.e., the limit—of the district court's reviewing capacity but nowhere mandated a minimum level of review. Petitioner's contention that the district court's dismissal of Petitioner's case contravened our Supreme Court's mandate in *Lion's Gate* is without merit.

**2.      Petitioner Fails to Establish That Rule 1-041(E)(1) Is Not Applicable**

**{10}**      Petitioner next argues that "Rule 1-041(E)(1) is not applicable to this case [because Petitioner] took significant actions to bring its claim to trial or other final disposition during the two years following the filing of the action." According to Petitioner, "the rule is applicable only to the cases in which the [p]laintiff fails to prosecute the case within the two years from the date of filing the complaint." Petitioner proffers myriad conclusory statements in support of this contention and

6

quotes, at length, rules from numerous cases interpreting Rule 1-041(E). Yet, nothing cited is on point or supplies any indication that a case that is initially prosecuted but thereafter languishes is somehow immunized from application of the rule. Ultimately, Petitioner fails to develop any cogent argument to support his contention that Rule 1-041(E)(1) is categorically inapplicable to this case, neither identifying the pertinent facts of this case nor explaining how the culled rules from the cited authorities apply to this case. As such, we give no further consideration to this argument. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed.").

**3.      Petitioner Fails to Establish That the District Court's Dismissal of its Case Was an Abuse of Discretion**

{11}      Petitioner next argues that the district court abused its discretion in dismissing the case. We disagree.

{12}      A district court "has discretion to determine a motion to dismiss for inactivity, and its decision will not be reversed except for abuse of discretion." *Cottonwood Enters. v. McAlpin*, 1989-NMSC-064, ¶ 6, 109 N.M. 78, 781 P.2d 1156. "An abuse of discretion occurs when the ruling is clearly against the logic and effects of the facts and circumstances of the case, is clearly untenable, or is not justified by reason." *Progressive Cas. Ins. Co. v. Vigil*, ___-NMSC-___, ¶ 13, ___ P.3d ___ (No. S-1-SC-35130, Feb. 12, 2018) (internal quotation marks and citation omitted); *see Paternoster*

7

*v. La Cuesta Cabinets, Inc.*, 1984-NMCA-097, ¶ 27, 101 N.M. 773, 689 P.2d 289 ("Judicial discretion is an equitable determination of what is just and proper under the circumstances; judicial discretion is abused when the action taken is arbitrary and capricious."). In the specific context of deciding Rule 1-041(E) motions, "[d]iscretion is abused when the court exceeds the bounds of reason, all the circumstances before it being considered." *Summit Elec. Supply Co., Inc. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 6, 148 N.M. 590, 241 P.3d 188 (internal quotation marks and citation omitted). "Abuse of discretion has been found where dismissal [under Rule 1-041(E)] results in an injustice and special circumstances impeded a plaintiff's prosecution of his claim, or where a claim is being pursued actively after a prior lapse in activity." *Id.* ¶ 9 (alteration, internal quotation marks, and citation omitted). Abuse of discretion has also been found where a tentative trial date had been set and the district court had "been apprised of [the] plaintiff's readiness to try the case." *Jones v. Montgomery Ward & Co.*, 1985-NMSC-062, ¶ 16, 103 N.M. 45, 702 P.2d 990. However, when a case is not ready for trial and the plaintiff has taken no significant action, nor been excusably prevented from acting, for more than two years, a district court does not abuse its discretion in granting a defendant's Rule 1-041(E)(1) motion. *Cf. Jones*, 1985-NMSC-062, ¶¶ 15-16 (holding that where it was "apparent that the case was

8

ready for trial[,]" the district court abused its discretion in dismissing the case for failure to prosecute).

{13} Petitioner identifies one aspect of the district court's decision that it argues "would seem to render the [o]rder of [d]ismissal null and void and nugatory." According to Petitioner, the district court abused its discretion by failing to take into consideration Petitioner's request for setting a Rule 1-016 status conference prior to entering its order of dismissal. It is true that this Court has said that even where a request for trial setting is filed after the motion to dismiss, as happened in this case, "it should be considered [by the district court] in determining the propriety of the dismissal." *Sewell v. Wilson*, 1982-NMCA-017, ¶ 36, 97 N.M. 523, 641 P.2d 1070. However, a district court's decision to grant a motion to dismiss even where a plaintiff immediately requests a trial setting after the motion was filed is not a per se abuse of discretion. *See id.* (explaining that even though district courts should consider the request, "[t]his is not to say that a plaintiff can avoid dismissal by racing to the courthouse with a setting request after defendant has moved under Rule [1-041(E)]"); *see also Cottonwood Enters.*, 1989-NMSC-064, ¶ 10 ("[T]he filing for a trial date does not per se mandate that the [Rule] 1-041[(E)] motion must be denied."); *Stoll v. Dow*, 1986-NMCA-134, ¶ 12, 105 N.M. 316, 731 P.2d 1360 (explaining that "the fact

that [the] plaintiff had filed a request for trial setting in . . . 1973 is no obstacle to the granting of a [Rule 1-041(E)] motion to dismiss in 1984").

{14} Here, the district court indeed considered the fact that Petitioner had filed a request for trial setting, noting that the request was filed thirty days *after* Respondent filed its motion to dismiss. The district court described the filing of that request as Petitioner's "sole act to bring its claim to trial or other final disposition" since September 20, 2011. Because the district court also considered—and rejected—the other activities Petitioner proffered as evidence that it had taken "significant action" sufficient to avoid dismissal, we conclude that the district court did not abuse its discretion by dismissing Petitioner's case even where Petitioner had requested a trial setting. *See Martin v. Leonard Motor-El Paso*, 1965-NMSC-060, ¶ 7, 75 N.M. 219, 402 P.2d 954 (explaining that there is no fixed standard governing "what action is sufficient to satisfy the requirement of [Rule 1-041(E)], for each case must be determined upon its own particular facts and circumstances"); *see also Jones*, 1985-NMSC-062, ¶ 10 (describing the "[m]any factors [that] must be considered by the district court in ruling on a motion to dismiss pursuant to Rule [1-041(E)]").

{15} Other than the foregoing, Petitioner offers no other argument and points to no other alleged error in the district court's dismissal that compels the conclusion that the district court abused its discretion. Petitioner merely recites inapplicable rules and

10

standards that do not govern the outcome of this case.[2] As such, and because we are satisfied that dismissal is not clearly against the logic and effects of the facts and circumstances of the case, untenable, or unjustified, we hold that the district court did not abuse its discretion in granting Respondent's motion to dismiss.

**II.      Whether the District Court Erred by Failing to Hold an Evidentiary Hearing Prior to Granting Respondent's Motion to Dismiss**

{16}      Petitioner advances two arguments to support its contention that the district court erred in granting Respondent's motion to dismiss without first holding a hearing: (1) that Rule 1-041(E)(1) itself required the district court to hold an evidentiary hearing before it could dismiss Petitioner's case; and (2) that the notion of constitutional due process imparted that same requirement. We consider each argument in turn.

---

[2]For example, Petitioner argues that "[t]here is no evidence of wrongful or willful misconduct on the part of [Petitioner] in these proceedings." The "wrongful or wilful conduct" standard applies in cases where dismissal was under Rule 1-041(*B*), not (E). *See Gila Res. Info. Project v. N.M. Water Quality Control Comm'n*, 2005-NMCA-139, ¶¶ 40-41, 138 N.M. 625, 124 P.3d 1164. Petitioner also argues that "a trial judge should reinstate a case that he dismissed *sua sponte* if a party can demonstrate to the [c]ourt that he is ready, willing and able to proceed with the prosecution of his claim and that the delay in the prosecution is not wholly without justification." However, this standard applies in cases involving a district court's sua sponte dismissal without prejudice under Rule 1-041(E)(*2*), not (E)(1). *See Vigil v. Thriftway Mktg. Corp.*, 1994-NMCA-009, ¶ 18, 117 N.M. 176, 870 P.2d 138. Petitioner further argues that "there is [also] an issue of whether [Respondent's] interest was prejudiced by the delay," ignoring or unaware of this Court's clear rejection of that very argument in *Howell v. Anaya*, 1985-NMCA-019, ¶¶ 7-9, 102 N.M. 583, 698 P.2d 453.

11

## 1. Rule 1-041(E)(1) Imposes No Requirement on a District Court to Hold an Evidentiary Hearing Prior to Dismissing a Case Under That Rule

{17} Petitioner argues that Rule 1-041(E)(1) itself "contemplates a hearing upon a motion to dismiss at which the parties may present evidence on the issue of whether the plaintiff therein . . . has failed to take any action to bring such action or proceeding to its final determination for a period of two years." According to Petitioner, "Rule 1-041(E) . . . does not state that a hearing is not necessary[,]" which Petitioner apparently construes to mean that a hearing *is* required. We disagree.

Rule 1-041(E)(1) provides,

> Any party may move to dismiss the action, or any counterclaim, cross-claim or third-party claim with prejudice if the party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing of such action or claim. An action or claim shall not be dismissed if the party opposing the motion is in compliance with an order entered pursuant to Rule 1-016 NMRA or with any written stipulation approved by the court.

In interpreting procedural rules, "we apply the same canons of construction as applied to statutes and, therefore, interpret the rules in accordance with their plain meaning." *N.M. Uninsured Emps. Fund v. Gallegos*, 2017-NMCA-044, ¶ 15, 395 P.3d 533 (internal quotation marks and citation omitted). "We first look to the language of the rule[,]" and "[i]f the rule is unambiguous, we give effect to its language and refrain from further interpretation." *Id.* (internal quotation marks and citations omitted). "Appellate courts will not read language into rules which [our Supreme Court] did not

12

see fit to add unless it is necessary to conform to the obvious intent, or to prevent absurdity." *State v. Elam*, 1989-NMCA-006, ¶ 16, 108 N.M. 268, 771 P.2d 597. The plain language of Rule 1-041(E)(1) contains no requirement that a district court hold an evidentiary hearing prior to granting a motion to dismiss under the rule. Petitioner would have us read into the rule a requirement that our Supreme Court did not see fit to include. We decline to do so.

**{18}** Moreover, we note that Petitioner fails to identify if and how this issue was even preserved. *See* Rule 12-318(A)(4) NMRA (requiring that as to each argument made on appeal, the appellant's brief in chief "shall contain a statement of the applicable standard of review . . . and a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on"). Our review of the record indicates that Petitioner did not seek a hearing on the motion to dismiss, either prior to the district court deciding the motion or in its motion for reconsideration. *See Sandoval v. Martinez*, 1989-NMCA-042, ¶ 25, 109 N.M. 5, 780 P.2d 1152 (explaining that "[o]rdinarily . . . a hearing would be the best procedure before ordering [dismissal]" but concluding that the district court did not err in not holding a hearing where the plaintiff did not seek a hearing). Even assuming arguendo the rule or any case construing it requires the district court to hold an evidentiary hearing prior to granting a Rule 1-041(E)(1)

motion to dismiss, we conclude that Petitioner failed to invoke its purported right to a hearing, rendering the issue unpreserved. *See Sandoval*, 1989-NMCA-042, ¶ 25; *see also* Rule 12-321 NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked.").

**2.      Constitutional Due Process Also Does Not Impose an Obligation on District Courts to Hold an Evidentiary Hearing Prior to Dismissing a Case Under Rule 1-041(E)(1)**

**{19}**      Petitioner next contends that "[b]y dismissing [Petitioner's] appeal without either notifying [Petitioner] or holding a hearing, the [district court] violated the due process rights of [Petitioner] guaranteed under Amendments V and XIV of [the] U.S. Constitution and the [New Mexico] Constitution." Petitioner's claim that it was without notice or an opportunity to be heard is without merit.

**{20}**      "The essence of due process is notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *State ex rel. Children, Youth & Families Dep't v. Maria C.*, 2004-NMCA-083, ¶ 26, 136 N.M. 53, 94 P.3d 796 (internal quotation marks and citation omitted). "Procedural due process is ultimately about fairness, ensuring that [an affected party] is notified about a proposed government action and afforded the opportunity to make its voice heard before that action takes effect." *Rayellen Res., Inc. v. N.M. Cultural Props. Review Comm.*, 2014-NMSC-006, ¶ 28, 319 P.3d 639. "The amount of process due depends on the

14

particular circumstances of each case because procedural due process is a flexible right." *In re Pamela A.G.*, 2006-NMSC-019, ¶ 12, 139 N.M. 459, 134 P.3d 746.

{21}     Here, Petitioner's response to the motion to dismiss is evidence both that it was on notice of the possibility its case would be dismissed and that it had—and exercised—an opportunity to be heard. *Cf. Thornfield v. First State Bank of Rio Rancho*, 1983-NMCA-149, ¶¶ 15, 18, 103 N.M. 229, 704 P.2d 1105 (discussing the sanction of dismissal under Rule 1-037 NMRA and rejecting the plaintiff's argument that he did not have notice because "[t]he fact that the sanctions are spelled out in the rule provides ample notice"). Petitioner filed a twenty-page response in which it laid out its arguments as to why Respondent's motion should not be granted. To that response, Petitioner attached more than sixty pages of documents as exhibits that Petitioner invited the district court to "refer to . . . as proof" of various contentions it made in its response. Furthermore, after briefing was completed on Petitioner's motion for reconsideration, the district court allowed the parties to submit one supplemental brief—so long as the brief did not "present arguments or evidence previously submitted"—before it ruled on Petitioner's motion to reconsider. Petitioner filed (1) a supplemental brief, (2) an additional evidentiary exhibit, and (3) a sixty-seven page memorandum in support of its supplemental brief. In light of all this, we cannot say that the Petitioner was denied an opportunity to be heard—i.e., present

arguments and evidence to the district court—as to why its case should not be dismissed. We hold that the district court did not violate Petitioner's constitutional right to due process by not holding a hearing prior to deciding Respondent's motion to dismiss.

**CONCLUSION**

{22}     For the foregoing reasons, we affirm the district court's order dismissing Petitioner's case.

{23}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**HENRY M. BOHNHOFF, Judge**

16