[No. 432.   August 20, 1891.]

## TERRITORY OF NEW MEXICO, DEFENDANT IN ERROR, v. JENNIE LOWITSKI, PLAINTIFF IN ERROR.

CRIMINAL LAW—ASSAULT AND BATTERY—APPEAL FROM JUSTICE COURT TO DISTRICT COURT—TRIAL DE NOVO.—The right of appeal in criminal cases from a justice's court to the district court is given by section 2414, Compiled Laws, 1884; and when such appeal is perfected the cause is then within the jurisdiction of the district court to be disposed of, by trial de novo, as other criminal cases there pending. Sections 2390, 2395, of the Compiled Laws, 1884, and rule 16 of the district court, which provide that in all cases of appeal from a justice's court, when the cause is regularly called on the docket, the plaintiff may, at his election, have the appeal dismissed, or the judgment below affirmed, apply only to civil causes, and the district court has no power to render judgment upon the sentence of a justice's court in a prosecution for assault and battery, but must try the case de novo.

ERROR, from a sentence, upon default, to the First Judicial District Court, Santa Fe County, rendered upon a sentence of the justice of the peace of precinct number 4, said county, convicting the defendant of assault and battery with words.   Sentence reversed.

The facts are stated in the opinion of the court.

N. B. LAUGHLIN for plaintiff in error.

EDWARD L. BARTLETT, solicitor general, for territory.

SEEDS, J.—This was a criminal action, originally brought and tried before a justice of the peace in and for the county of Santa Fe, in accordance with the provisions of section 726 of the Compiled Laws of 1884 of this territory.   The accusation was that the defend-

ant had made an assault and battery upon a third party with words. The case was tried before the justice—but whether or not with the aid of a jury the record fails to show—and the defendant was found guilty, and fined $5. From this judgment she appealed to the district court of Santa Fe county. At the next term of that court, following the perfection of her appeal, she being duly represented by counsel, her case was set for trial. Upon the day thus set for trial, when the case was called, the territory, and the appellant, by her attorney, announced themselves ready for trial, but it was then ascertained that the appellant was not personally in court; whereupon, the territory had the appellant three times duly called, and, not responding, the district attorney moved the court to affirm the judgment of the lower court. Upon this motion the court made the following order of record: "It is, therefore, considered and adjudged by the court that the judgment in this cause of the justice of the peace of precinct number 4, of Santa Fe county, be, and the same is hereby, affirmed, and that in accordance therewith said defendant do pay unto the territory of New Mexico the sum of five dollars, the amount of her fine, together with the costs of the prosecution against her, as well in the lower court as in this court, to be taxed, and that execution issue therefor; that said defendant stand committed to the common jail of Santa Fe county until said fine and costs be fully paid and satisfied, and that a warrant of commitment issue against her." Afterward, her attorney moved the court for a new trial and in arrest of judgment, which being overruled, she prosecutes her appeal to this court, and alleges as error the overruling of her motions for a new trial and in arrest of judgment; the sustaining the motion of the appellee's district attorney to affirm the judgment of the lower court; in rendering a judgment against the appellant by default on a criminal charge for misde-

meanor; in refusing to hear and determine appellant's case de novo in the district court; and in refusing her a trial by jury in said court.

The above statement fairly presents the essential portions of the record. Whether or not the district court committed error depends entirely upon the relation existing between that court and the justice's court in criminal matters. If the district court, as to matters wherein the justice's court has original jurisdiction, is simply a court for the correction of errors, and acts in an appellate character, then, possibly, in case a defendant took an appeal from the decision of a justice court, and failed to appear when his case was called for trial, the court could affirm the judgment of that court. But it is quite evident that the district court is in no sense of the word an appellate court for the purpose, simply, of passing upon errors of law. If it can take cognizance of criminal matters at all which are triable originally in the justice's court, it does so to try them de novo. The Compiled Laws of 1884 are very indefinite as to the right of appeal from the justice's court to the district court in criminal matters; and while that right probably exists, yet the method of its exercise is only to be arrived at by inference.

It might be contended that section 2395 of the Compiled Laws of 1884, together with rule 16 of rules of district courts, gave the district court authority to rule as it did in this case; and it will have to be conceded that, if that section of the Compiled Laws of 1884 and the rule cited are applicable to criminal cases, that the district court was correct in giving the judgment which it did. They provide, in substance, that "in all cases of appeal from a justice's court," "when the defendant below shall have taken the appeal, and shall fail to appear when the cause is regularly called on the docket, the plaintiff may have the appeal dismissed;

*[margin note: ASSAULT and battery: appeal from justice's court to district court: trial de novo.]*

or, at his election, the plaintiff may have the judgment below affirmed, and judgment rendered for the same, with costs, against the defendant and his sureties." It is quite apparent that the district court in this case founded his decision upon the provisions above set out. We are clearly of the opinion that those provisions have relation solely to civil matters. Sections 2390-2395 of the Compiled Laws of 1884 have reference to civil cases; for whatever is appealed by virtue of them is to be tried in the district court de novo, and according to the rules prescribed for the government of justices' courts. It can hardly be contended that the legislature ever intended that in criminal matters in the district court there should be two systems of trial, and that the imperfect and crude methods of justice's court should supersede the full and perfect machinery of the district court. Rule 16 of the district court rules has plainly reference to civil matters. In the first place, the terms "plaintiff" and "judgment" are not those usually used in statutes or rules referring to criminal matters; they would be "territory" or "state" and "sentence;" in the second place, the rules purport to be for the common law side of the docket solely.

Conceding, then, that the right of appeal is given in criminal cases from the justice's court to the district court, by section 2414, Compiled Laws, 1884, it is the duty of the appellant, when such appeal is taken, to cause to be filed in the office of the clerk of the district court a transcript of the record of the proceedings had before the justice of the peace, together with the original oath, recognizance, and other original papers in the case. The clerk is required to docket the case for trial. All this has been done in this case. "When this is done, the cause is then in the court to which the appeal is taken, and is to be disposed of precisely like any other criminal case there pending. * * * The appeal stays the proceedings before the justice; and it does more,—

it transfers the whole proceeding to the court to which the appeal is taken, to be disposed · of there de novo. After the appeal, the case is completely within the jurisdiction of the circuit [district] court, and * * * that court must dispose of the case as other criminal cases are disposed of." Wiseheart v. State, 4 N. E. Rep. (Ind.) 156. The case was then in the district court, to be tried by the same rules as those applicable to cases originating in that forum. The bond given for the appeal from the justice's court stood, as to the case appealed, in the same relation as an appearance bond in the district court upon an indictment found. It gave the district court no authority to affirm the decision of the lower court, but only the right to forfeit the bond for the nonappearance of the defendant. This was not done in this case, but judgment given upon the sentence of the justice. The district court has no authority to sentence a defendant without a trial by jury, unless upon a plea of guilty properly and legally entered of record. The sentence of the district court is, therefore, reversed.

O'BRIEN, C. J., and LEE, McFIE, and FREEMAN, JJ., concur.