808 P.2d 637 (1991)
11 N.M. 667
Joe PERALTA, Petitioner,
v.
STATE of New Mexico, Respondent.
No. 19591.
Supreme Court of New Mexico.
April 9, 1991.
Robert J. Jacobs, Taos, for petitioner.
Tom Udall, Atty. Gen., Margaret McLean, Asst. Atty. Gen., Santa Fe, for respondent.

OPINION
RANSOM, Justice.
Joe Peralta was convicted in metropolitan court of driving while under the influence of alcohol and of several other related traffic violations. He appealed to the district court. When Peralta failed to appear at the first setting for trial de novo the court granted a continuance. At the second trial Peralta again moved for a continuance stating that he was seeking private counsel. The court denied that request and, after the public defender appointed to defend Peralta stated he was not prepared to proceed to trial, the court dismissed Peralta's appeal. The dismissal was affirmed in an unpublished memorandum opinion of a divided three-judge panel of the court of appeals. We granted certiorari to consider whether it was an abuse of discretion to dismiss Peralta's appeal for trial de novo when the public defender's lack of preparedness was not chargeable to the defendant. We reverse.
Peralta filed his notice of appeal to the district court on August 3, 1989, and on the same date filed an affidavit of indigency. He was represented by the public defender in accordance with his constitutional right to counsel, whether appeal de novo be considered a statutory retrial of guilt or innocence, see Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (recognizing sixth amendment and due process clause right to counsel in state criminal prosecution), or whether it be considered a first appeal. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (due process and equal protection considerations require right to counsel on first appeal). On August 29, at the first setting for trial de novo, the district attorney's office notified the court that it had been advised by telephone that Peralta was unable to secure transportation to the hearing. In addition, the public defender stated that Peralta was seeking private counsel and moved for continuance. The court granted the motion and reset the hearing for September 19.
*638 At the September 19 hearing Peralta appeared personally before the same judge with a different public defender, opposed by a different district attorney. Peralta moved for another continuance requesting additional time in which to secure private counsel. The following colloquy ensued:
Question (the Court): What was the problem in August?
Answer (Peralta): Well, I called up my attorney and I told him I couldn't make it. At that time I was stranded in Las Cruces.
Question: Why have you done nothing to get a new attorney before now? This is the second setting.
Answer: I have been trying to save a little money and get one. I have been doing a little work and saving a little on the side.
The court then stated that "it's generally my feeling that if we don't have an excuse as good as the one offered in the last case, that the court at the second setting will dismiss the appeal. Mr. Peralta, I'm in the position today that I will dismiss the appeal if we're not ready to proceed." The public defender said he was unprepared to proceed because he was under the impression Peralta was attempting to retain private counsel. The court dismissed the appeal.
The issue before us is whether the district court properly dismissed the appeal when the public defender was unready to proceed solely because his indigent client had informed him of a desire to secure private counsel. Appointed counsel must have known the grant or denial of a motion for continuance in the district court is addressed to the sound discretion of the court. State v. Tovar, 98 N.M. 655, 658, 651 P.2d 1299, 1302 (1982) (denial of a motion for continuance may be reviewed for an abuse of discretion). Yet, the public defender's office stood by without any preparation. There is no evidence in the record to suggest, other than his expressed interest in private counsel, that Peralta contributed to the public defender's lack of preparedness. There is no evidence that Peralta discharged his appointed counsel nor is there any record of a motion by the public defender to withdraw. Until such time as a public defender withdraws in favor of private counsel, he has an obligation to protect the interests of his client.
We recognize criminal trials must proceed with diligence, and trial courts cannot countenance neglect or dilatory tactics meant to impede the judicial process. Here, it has not been made to appear Peralta sought delay for tactical purposes. His own explanation to excuse or justify delay to get a new attorney may well have been inadequate to warrant a continuance, but that is a separate question from whether he should be charged with court appointed counsel's lack of preparedness. Absent defendant's complicity in counsel's failure to prepare for the reasonable contingencies of a trial setting, we hold that justice and fairness preclude dismissal based upon a court appointed public defender's lack of preparedness. See People v. Reyes, 800 F.2d 940 (9th Cir.1986) (after noting that dismissal of a criminal appeal for the misdeeds of counsel should be imposed only in extreme circumstances, appellate court held it was abuse of discretion for district court to dismiss indigent defendant's appeal where appointed counsel solely was responsible for delay).
The cases cited by the State are inapposite. The State relies principally on State v. Lucero, 104 N.M. 587, 725 P.2d 266 (Ct.App.1986), for the proposition that an accused cannot thwart the criminal justice system by seeking alternative counsel. We, of course, have no quarrel with that proposition, but we find application of Lucero strained. Here, denial of a continuance is not the issue, it is dismissal for counsel's lack of preparedness. In Lucero the defendant appealed from the trial court's denial of his motion for substitution of counsel. Unlike the present case, the record established that the defendant actively thwarted development of a lawyerclient relationship. Moreover, appointed *639 counsel proceeded to trial and presented an effective defense. Id. at 592-93, 725 P.2d at 271-72. We think these factors sufficiently distinguish Lucero and other cases cited by the State from the case before us today. See State v. Maes, 100 N.M. 78, 665 P.2d 1169 (Ct.App.1983) (affirming denial of motion to dismiss appointed counsel where representation was found effective). Accordingly, we remand to the district court with directions to vacate its order dismissing the appeal.
IT IS SO ORDERED.
SOSA, C.J., and MONTGOMERY, J., concur.