867 P.2d 1184

STATE of New Mexico,
Plaintiff–Appellee,

v.

Manuel WILSON, Defendant–Appellant.

STATE of New Mexico,
Plaintiff–Appellee,

v.

Martin SAAVEDRA, Defendant–
Appellant.

STATE of New Mexico,
Plaintiff–Appellee,

v.

John SCHROER, Defendant–Appellant.

STATE of New Mexico,
Plaintiff–Appellee,

v.

Sidney MAGELI, Defendant–Appellant.

Nos. 13508, 13530, 13786 and 14073.

Court of Appeals of New Mexico.

March 10, 1993.

Certiorari Quashed Sept. 3, 1993.

Tom Udall, Atty. Gen., Max W. Shepherd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee in Nos. 13508 and 13530.

Sammy J. Quintana, Chief Public Defender, Rita LaLumia Berg, Ass't Appellate Defender, Santa Fe, for defendants-appellants Manuel Wilson and Martin Saavedra.

Tom Udall, Atty. Gen., Margaret McLean, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee in No. 13786.

Sue Anne Herrmann, Santa Fe, for defendant-appellant John Schroer.

Tom Udall, Atty. Gen., Max W. Shepherd, John Utton, Asst. Attys. Gen., Santa Fe, for plaintiff-appellee in No. 14073.

Sammy J. Quintana, Chief Public Defender, Sumita Mukhoty, Asst. Appellate Defender, Santa Fe, for defendant-appellant Sidney Mageli.

## OPINION

ALARID, Judge.

Defendants appeal the dismissal of their district court de novo appeals for failure to appear at the time of trial. Each Defendant argues that the district court's decision to dismiss his appeal for failure to appear was an abuse of discretion. Defendants Wilson and Saavedra filed a motion to consolidate their cases for appeal. The State moved to consolidate Defendant Mageli's appeal with the appeals of Wilson and Saavedra. The motions were held in abeyance pending submission of this case to a panel. We now grant the motions to consolidate. On our own motion, we also consolidate Defendant Schroer's appeal because it raises similar issues. We reverse the district court's dismissal of Defendants' de novo appeals.

## FACTS

Each Defendant was convicted in metropolitan court of various charges and then appealed their convictions to district court. While each Defendant's appeal was ultimately dismissed for failure to appear at the district court trial, the facts and procedure leading up to that result vary with each Defendant.

## I. DEFENDANT WILSON

Defendant Wilson was convicted in metropolitan court of battery. He timely appealed his conviction to district court on July 12, 1991, for a trial de novo. At the first trial setting on August 6, 1991, Defendant was granted a continuance until August 27, 1991. On August 27, 1991, the parties agreed to another continuance due to an unavailable witness. The trial was eventually reset for September 17, 1991.

On September 17, defense counsel appeared for trial but Defendant did not. Defense counsel pointed out that, at both prior settings, she had been in contact with Defendant but that she had not heard from Defendant this time and did not know where he was. She also indicated that it was possible he may have moved. Defense counsel also argued that the case should not be dismissed because the alleged victim in the case never testified below and, although Defendant raised the confrontation issue at metropolitan court, the judge refused to hear argument. Thus, she asked the court not to dismiss the de novo appeal because Defendant would lose his right to appeal without ever having been able to confront the witness against him.

The judge ultimately dismissed the appeal and, apparently in response to Defendant's confrontation arguments, commented that:

> From the date of January 1, 1969, I have been protesting trial de novo's, not with much success, but it is moving to the way that DWI's, at least, are going to be done by record, I think. And that will take out the trial de novo on DWI's, being on the record.

## II. DEFENDANT SAAVEDRA

On July 1, 1991, Defendant Saavedra was convicted of driving on a revoked license and driving with no tail lights. Defendant timely appealed the conviction to district court on

July 9, 1991. Pending Defendant's appeal to district court, the metropolitan court judge continued Defendant's $200 appearance bond. On August 13, 1991, Defendant's district court appeal was set for trial but Defendant failed to appear. Defense counsel suggested that Defendant may not have received notice of the trial in a timely manner. The State indicated that it was ready to proceed and asked the court to dismiss the appeal. The court granted the request and dismissed the appeal.

Defendant filed a motion to reinstate the appeal on August 19, 1991. In the motion, and at the hearing on the motion, Defendant said that he failed to appear because he thought his appeal had been withdrawn. During Defendant's metro court trial, Defendant was convicted on the two counts mentioned above, but was acquitted on a DWI charge. Defendant appealed his convictions and the State appealed the acquittal. After the district court appeal for this case was set, Defendant received a notice that the State's appeal had been dismissed. Defendant said he misunderstood and thought his appeal of the convictions had been withdrawn and therefore did not have to appear. He went to metropolitan court to find out for sure and said he was told that the appeal was withdrawn. He said he was reinforced in his belief that his appeal was over because the metropolitan court released his $200 appearance bond.

The State basically responded that the notices were not confusing and did not excuse Defendant's nonappearance. The State suggested that Defendant should have called his attorney rather than just not show up for trial. The court basically agreed with the State and said:

> Counsel, I don't find the Defendant's actions to be reasonable, here. It seems to me that the letter he received indicating that the State's appeal had been withdrawn, is not the type of letter that would cause confusion sufficient to justify him not appearing before this Court or not seeking further advise from his attorney. I am going to find that his failure to appear on 8/13 is justification for dismissing the appeal. It will not be reinstated at this time.

Defendant moved to reconsider the denial of his motion to reinstate. The motion to reconsider was apparently never heard.

## III. DEFENDANT SCHROER

Defendant Schroer was convicted in metropolitan court of DWI and failure to maintain a lane. On November 17, 1989, Defendant filed a timely appeal to district court. At the first setting on January 9, 1990, Defendant appeared for trial but the court continued the matter because of an overcrowded docket. The case was eventually set for March 13, 1990, but Defendant failed to appear. Defense counsel said she had called Defendant but could not reach him and she did not know where he was. The district court dismissed the appeal.

On March 19, 1991, Defendant delivered to the prosecutor a motion to reinstate the appeal, which was file-stamped March 29, 1990, by the district court. Defendant indicated that on the morning of the trial date, his car had been vandalized and had three flat tires and sugar in the gas tank. Defendant also stated that he had no other means of transportation to court and that the six-month time limit for hearing the appeal would not expire until May 17, 1990. The motion was set to be heard on May 15, 1990.

Although there is apparently no transcript of that hearing, the docketing statement and the brief-in-chief indicate that the court denied the motion because Defendant should have called the court to report his car problem. The court was also concerned that it was already May 15 and the six-month rule would expire on May 17. Defendant apparently stated that he did call the trial judge's secretary to report the car trouble and to notify the court that he could not attend. Although the motion to reinstate was apparently denied on May 15, 1991, a written order dismissing the appeal was not filed until February 7, 1992.

## IV. DEFENDANT MAGELI

Defendant Mageli was convicted in metropolitan court of driving while under the influence and failure to maintain a traffic lane. Defendant timely appealed his conviction to district court and the case was scheduled for

trial de novo on April 16, 1992. Because defense counsel was planning a vacation at that time, the first trial setting was vacated at Defendant's request. The case was reset for May 7, 1992.

On that date, Defendant failed to appear for trial. Defense counsel stated that she did not know why defendant was absent. She did indicate that she sent him notice of the new trial date but did not know if he received it. Defense counsel then moved for a continuance. The State opposed the motion and moved to dismiss the appeal. The trial court stated that since Defendant was not present, the appeal was dismissed.

On the following day, May 8, 1992, defense counsel mailed a letter to Defendant informing him of the dismissal. Defendant contacted his attorney and stated that he did not know about the May 7 trial date. Defendant indicated that he did not receive notice about the May 7 setting from his attorney, although both defense counsel and the district court customarily and apparently mailed a notice of the new trial setting to Defendant. Defense counsel indicated that she mailed the May 8 letter notifying Defendant of the dismissal to the same address that the district court and defense counsel had mailed the notice of the May 7 trial setting.

On May 12, 1992, Defendant filed a motion to reinstate the appeal. A hearing for the motion was set for July 9, 1992. In response to the trial court's questioning, Defendant denied receiving any notices whatsoever prior to receiving his attorney's May 8 letter, informing him of the dismissal. Defendant told the court that his appeal was very important to him, that he would never knowingly miss the court date, and that he believed that a bench warrant would issue for his arrest if he missed a court date. Defendant also explained that, until recently, Defendant had several roommates living with him at the address to which all of the notices were mailed. Defendant also repeatedly denied knowing about any prior court settings in his case.

Defense counsel argued that the standard for dismissing an appeal due to failure to appear should be actual knowledge of the court date. She pointed out that actual knowledge was required in the statute criminalizing "failure to appear." Defense counsel also suggested the possibility that the notice of the May 7 setting may have gotten lost, and suggested that Defendant's insistence in pursuing his appeal corroborated that possibility. The State pointed out that Defendant denied receiving any of the notices prior to his attorney's May 8 letter. The State suggested it was highly unlikely that all of the notices would have gotten lost in the mail. Without explanation, the trial court denied Defendant's motion to reinstate his appeal.

DISCUSSION

In essence, each Defendant is arguing that it was an abuse of discretion for the district court to dismiss their appeals because the six-month rule had not expired and there was no showing that their failures to appear were willful. The briefs of Defendants Wilson, Saavedra, and Mageli are almost the same. While Defendant Schroer's brief is phrased somewhat differently, overall he is raising the same arguments. They raise six points in support of their argument that the district court abused its discretion in dismissing their appeals. We discuss below the arguments that we believe are dispositive in this case.

■ Defendants argue that their rights to due process were violated because the court dismissed their appeals without giving them notice and an opportunity to be heard. The State contends Defendants provided no supporting authority. *In re Adoption of Doe,* 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (issues unsupported by cited authority are not considered on appeal). We disagree.

Each Defendant points out that, under the Rules of Criminal Procedure for the Metropolitan Courts, before an appeal can be dismissed for failure to comply with procedural rules, the court must give the defendant notice of the pending dismissal and ten days to show cause why the appeal should not be dismissed. *See* SCRA 1986, 7-705(A) (Repl. 1992). Defendants further point out that the same notice and hearing requirement applies when the State moves for dismissal. *See* SCRA 1986, 7-705(B) (Repl.1992).

We believe those rules provide support for requiring notice and a show cause hearing in cases such as these. The State suggests that Defendants' argument is of little consequence since dismissal was not predicated on the rules of procedure but rather on the court's inherent ability to dismiss. However, even when the court exercises its full inherent powers to impose sanctions such as criminal contempt, the defendant is entitled to notice and a hearing to show cause why sanctions should not be imposed. *See State v. Chavez,* 100 N.M. 612, 613–14, 673 P.2d 1345, 1346–47 (Ct.App. 1983); *State v. Diamond,* 94 N.M. 118, 120–21, 607 P.2d 656, 658–59 (Ct.App.1980). In addition, before the court can dismiss a criminal prosecution with prejudice, it must give the State advance notice. *See State v. Lopez,* 99 N.M. 385, 388, 658 P.2d 460, 463 (Ct.App.), *cert. denied,* 464 U.S. 831, 104 S.Ct. 111, 78 L.Ed.2d 113 (1983). Therefore, we think notice and an opportunity to be heard should be required before an appeal is dismissed for failure to prosecute.

We do note that the district courts apparently follow some variation of a notice and hearing procedure through what is typically called a Motion to Reinstate Appeal. Through such a motion, defendants have an opportunity to persuade the court to reinstate the appeal because their nonappearance was excused for some good reason. Three of the Defendants, Saavedra, Mageli, and Schroer, availed themselves of this procedure. Defendant Wilson did not. If this procedure exists, it may provide some of the protections that we believe the show cause hearing discussed above should provide.

However, we agree with Defendant Wilson's contention that the reinstatement procedure is inadequate because it is not codified and there are no standards for the district courts to use, nor for the appellate courts to use for review on appeal. Moreover, we find that the reinstatement process is inadequate because notice and hearing are only given after dismissal has occurred. In practice, we believe it would be much harder for a defendant to avoid dismissal after the fact than if he had a chance to argue against dismissal before it actually occurred. Ac-

cordingly, we reverse the dismissal of Defendants' appeals so that each Defendant has a full opportunity to be heard.

Defendants also contend the district court abused its discretion in dismissing their appeals because they have no statutory authority to do so. Defendants point to SCRA 1986, 5-209(B) (Repl.1992), to argue that the only action the district court could take was to issue a bench warrant when Defendants failed to appear. While Defendants recognize that failure to appear can result in criminal culpability, they point out that such an offense requires a showing that a defendant's nonappearance was willful. *See* NMSA 1978, § 31–3–9 (Repl.Pamp.1984).

We do not find Defendants' argument on this point very persuasive because, as the State points out, the district court still has inherent authority to dismiss an action or appeal for lack of prosecution or failure to appear. *See State ex rel. Garrett v. Gagne,* 531 S.W.2d 264, 267 (Mo.1975) (en banc); *Olguin v. State,* 90 N.M. 303, 305, 563 P.2d 97, 99 (1977); *Lopez,* 99 N.M. at 387, 658 P.2d at 462; *State v. Laran,* 90 N.M. 295, 296, 562 P.2d 1149, 1150 (Ct.App.1977). However, we do believe that a showing of extreme willfulness is necessary before the district court can dismiss an appeal for failure to appear prior to the expiration of the six-month rule. *Cf. Lowery v. Atterbury,* 113 N.M. 71, 74–75, 823 P.2d 313, 316–17 (holding that plaintiff's failure to be prepared for trial was willful, when failure was due to failed attempt to settle and defendant was also unprepared, conduct was not so extreme as to justify dismissal with prejudice).

Defendants further contend that dismissal was an abuse of discretion because the six-month rule had not expired. The State responds by asserting that dismissal was not predicated on the rule but rather on the court's inherent authority to dismiss for failure to appear. We agree with the State that the six-month rule is not the only way an appeal could be dismissed for failure to appear. And, we believe it is within the district court's power to dismiss an appeal if it is not being actively pursued. *See Garrett,* 531 S.W.2d at 267; *Olguin,* 90 N.M. at 305, 563

P.2d at 99; *Lopez*, 99 N.M. at 387–88, 658 P.2d at 462–63; *Laran*, 90 N.M. at 296, 562 P.2d at 1150.

Defendants insist that they were actively pursuing their appeals as evidenced by their prior court appearances and by their actions to secure a trial date. But as the State points out, merely arranging for the trial is not enough. They are Defendants' appeals and we believe it is incumbent upon each Defendant to appear at the trial or risk dismissal if his failure to appear is willful.

■ As a final argument, Defendants contend dismissal was an abuse of discretion because every defendant appealing a metropolitan court conviction is entitled to a de novo review of the merits before dismissal can be properly ordered. *See Territory v. Lowitski*, 6 N.M. 235, 27 P. 496 (1891). However, we agree with the State that *Lowitski* is no longer controlling law on this point. In *Peralta v. State*, 111 N.M. 667, 668–69, 808 P.2d 637, 638–39 (1991), the Supreme Court appeared to recognize that a district court could properly dismiss a de novo appeal if the defendant seeks delay for tactical reasons. However, the Supreme Court declined to allow the dismissal in that case to stand because it was the defendant's attorney's lack of preparedness rather than the defendant's actions that were being punished. *Id.* In the interest of justice, the Supreme Court believed the defendant's appeal could not be dismissed based on misconduct that was not chargeable to him. *Id.* at 668, 808 P.2d at 638. If, on remand, the district courts find a willful failure to appear on the part of the Defendants, then we believe these cases may provide the type of misconduct, i.e., failure to appear, that permits dismissal under the principles of *Peralta*. We would also note that even if the district courts find a willful failure to appear, it would be advisable to consider lesser sanctions before proceeding to the extreme sanction of dismissal. *See Lowery*, 113 N.M. at 75, 823 P.2d at 317.

Accordingly, based on the foregoing, we reverse the dismissal of Defendants' de novo appeals. These cases are remanded to the district courts for hearings consistent with this opinion.

IT IS SO ORDERED.

APODACA and CHAVEZ, JJ., concur.