2001-NMCA-019

25 P.3d 904

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**John R. KERBY, Defendant–Appellant.**

No. 21,626.

Court of Appeals of New Mexico.

April 11, 2001.

*OPINION*

CASTILLO, Judge.

{1} Defendant appeals his convictions for aggravated driving while intoxicated (DWI) and speeding, alleging prosecutorial misconduct and violations of the double jeopardy clause, his right to a speedy trial, and the six-month rule. Although Defendant pled guilty to the two charges, he reserved his right to appeal the denial of his motions to dismiss based on these four issues, all of which revolve around the propriety of the prosecutor's decision to dismiss charges in magistrate court and then file identical charges in district court. We affirm.

## I. BACKGROUND

{2} On December 12, 1998, Defendant was pulled over by Deputy Sheriff Loomis of the Curry County Sheriff's Department for speeding ninety-five in a fifty-five mile-per-hour zone. After the stop, Deputy Loomis arrested Defendant for DWI and issued citations for speeding, driver's license not endorsed for a motorcycle, open container, and reckless driving. On December 13, 1998, Defendant was released from custody and on December 14, 1998, Deputy Loomis filed a criminal complaint in the magistrate court in Curry County listing the above referenced offenses. According to magistrate court Rule 6–506 NMRA 2001, the State had until June 14, 1999, six months from the filing of the criminal complaint in magistrate court, to bring Defendant to trial. On December 17, 1998, Defendant filed a notice of excusal of Judge Caleb Chandler and a waiver of arraignment and first appearance in which he demanded a speedy trial. Judge Richard A. Burke was assigned to hear the case and held a pretrial conference on February 16, 1999. Judge Burke recused himself one week later on February 23, 1999, and Judge Buddy Hall was assigned to the case on March 3, 1999. Another pretrial conference was originally scheduled before Judge Hall on May 19, 1999, but was continued at the request of the State and reset on May 27, 1999. Jury selection for Defendant's trial was set to begin on June 9, 1999, and trial was to commence on June 10, 1999. At the pretrial conference held on May 27, 1999, the

Patricia A. Madrid, Attorney General, Katherine Zinn, Ass't Attorney General, Santa Fe, NM, for Appellee.

Daniel R. Lindsey, Daniel R. Lindsey, P.C., Clovis, NM, for Appellant.

State informed both the magistrate court and Defendant that its key witness, Deputy Loomis, had become seriously ill and would be unavailable to testify for approximately three months. Defendant did not agree to an extension of time for the trial to commence. As a consequence, the State dismissed the proceedings against Defendant in magistrate court and filed a criminal information in district court, alleging the same charges against Defendant. Defendant does not dispute that except for the unavailability of Deputy Loomis, Defendant would have been tried within the six-month period allowed by Rule 6–506 NMRA 2001.

{3} On June 15, 1999, in response to the criminal information, Defendant filed two pleadings: a waiver of arraignment with a demand for speedy trial and an excusal of Judge David Bonham. Consequently, on June 16, 1999, Judge Robert Brack was assigned to the district court case. On July 27, 1999, Defendant filed separate motions in magistrate court and in district court requesting that the magistrate court complaint and the district court criminal information be dismissed with prejudice. Defendant alleged that the magistrate court six-month rule had been violated and that the State had filed the criminal information in district court for the sole purpose of circumventing the six-month rule.

{4} There is some confusion with regard to the disposition of the criminal complaint in magistrate court. The record demonstrates that the case was closed by an order signed on June 9, 1999, by Judge Hall, the magistrate judge ultimately assigned to the case. Although there is another final order on the criminal complaint signed by Judge Burke who had recused himself, it appears that this document was some type of clerical error.

{5} Right before trial, Defendant entered a conditional guilty plea in district court to the charges of aggravated DWI and speeding but reserved his right to appeal the denial of his motions to dismiss and his motion for a speedy trial.

## II. DISCUSSION

### A. *Appellate Procedure*

■ {6} Before reaching the merits of this appeal, we comment on Defendant's brief in chief. Rule 12–213(A)(3) NMRA 2001 requires that the summary of proceedings be accompanied by references to the record proper and transcript of proceedings. Defendant did not make a single citation to the official record proper or the transcript of proceedings. This failure is grounds for striking the brief in chief in its entirety or other action deemed appropriate by this Court. *State v. Goss,* 111 N.M. 530, 533, 807 P.2d 228, 231 (Ct.App.1991) (stating that failure to comply with Rule 12–213 may result in an appellate court declining to address contentions on appeal). This Court will review the issues raised on appeal but admonishes Defendant's counsel to follow the rules in the future.

### B. *Double Jeopardy*

■ {7} Defendant argues that by including identical charges in the criminal information filed in district court, the State began a second prosecution of Defendant on the same charges for the same offenses originally filed in magistrate court and, therefore, subjected him to double jeopardy. Defendant first points to an order signed by Judge Burke on July 28, 1999, as the operable document with regard to the closure of proceedings in magistrate court. The record shows that Judge Hall closed the proceedings in magistrate court on June 9, 1999. In any event, the date of the actual closing of the proceeding is not germane to the double jeopardy analysis.

■ {8} The law in New Mexico is clear, "[j]eopardy attaches only when the jury is impaneled, or, in a bench trial, when the state presents some evidence." *State v. Eden,* 108 N.M. 737, 743, 779 P.2d 114, 120 (Ct.App.1989); *see also State v. Nunez,* 2000–NMSC–013, ¶ 28, 129 N.M. 63, 2 P.3d 264. The parties agree that the criminal information filed in district court on June 3, 1999, alleges virtually the same charges that were filed and pending in magistrate court. However, since the case in magistrate court was closed before a jury was ever impaneled and before the State presented any evidence on the charges pending against Defendant in

magistrate court, jeopardy had not attached. Defendant's argument fails.

### C. *Speedy Trial*

{9} Defendant now argues that he was denied his right to a speedy trial based on two different delays: (1) the delay between his arrest and the entry of his guilty plea and (2) the eighteen- and one-half month period between his arrest and entry of the judgment and sentence. In the district court, Defendant limited his argument to the almost one-year delay between his arrest and the entry of his guilty plea. The inclusion of the period from entry of Defendant's guilty plea to entry of the judgment and sentence is a new argument on appeal and as such will not be entertained. *State v. Therrien*, 110 N.M. 261, 265, 794 P.2d 735, 739 (Ct.App. 1990), *overruled in part on other grounds, State v. Barker*, 114 N.M. 589, 593, 844 P.2d 839, 843 (Ct.App.1992); *State ex rel. Bardacke v. Welsh*, 102 N.M. 592, 596, 698 P.2d 462, 466 (Ct.App.1985); *cf. State v. Clark*, 1999–NMSC–035, ¶ 6, 128 N.M. 119, 990 P.2d 793. Further, this issue was not reserved in the conditional plea agreement. *State v. Hodge*, 118 N.M. 410, 416–17, 882 P.2d 1, 7–8 (1994).

{10} In order to determine whether the right to a speedy trial has been violated, this Court balances four factors: (1) length of delay, (2) the reason for the delay, (3) the defendant's assertion of the right to a speedy trial, and (4) prejudice to the defendant. *State v. Ortiz–Burciaga*, 1999 NMCA 146, ¶ 30, 128 N.M. 382, 993 P.2d 96. In the absence of findings of fact, this Court independently examines the record to determine whether Defendant's right to a speedy trial has been violated. The State agrees that the time period of just under twelve months is presumably prejudicial and, therefore, the burden of persuasion shifts to the State to show "that one or more of the following circumstances exist: there were good reasons for the delay, defendant did not timely assert his right and consented to the delay, or the delay did not prejudice the defendant." *Id.* ¶ 31. "[A] particularly strong showing on one factor by either party may be dispositive under the facts of a particular case." *Salandre v. State*, 111 N.M. 422, 430, 806 P.2d 562, 570 (1991).

#### 1. *Delay*

{11} While there were some short delays because of judge recusals and rescheduling of hearings, these delays were minor in nature and did not cause the trial to be delayed in any meaningful fashion. The main reason for delay was the unavailability of the arresting officer. Defendant stipulated to the trial court that the State's key witness, Deputy Loomis, was unavailable to testify for a period of approximately three months from May 6, 1999, to August 1, 1999, due to a serious illness and that neither the State nor Deputy Loomis was at fault for his unavailability due to illness. The trial court found that there was no indication of unpreparedness on the State's part. Had Deputy Loomis not become seriously ill, the trial would have taken place within six months of the arrest and the State would not have had to dismiss and file the same charges in district court.

#### 2. *Assertion of Right*

{12} The parties also agree that Defendant asserted his right to a speedy trial early on by filing the pro forma waivers of arraignment, by not agreeing to a continuance of the magistrate court trial date, and by filing motions in late July to dismiss the case in district court.

#### 3. *Prejudice*

{13} The right to a speedy trial is intended to prevent or minimize three types of prejudice to a defendant: (1) an oppressive pretrial incarceration, (2) anxiety and concern of the accused, and (3) the possibility of impairment to the defense. *Zurla v. State*, 109 N.M. 640, 644, 789 P.2d 588, 592 (1990). At the hearing before the district court, Defendant asserted that he had suffered anxiety and concern during the pendency of the charges. Defendant, however, admitted that he neither suffered any oppressive pretrial incarceration nor any prejudice to his defense since all the relevant evidence was still available.

### 4. *Summary*

{14} In reviewing the relevant factors, we recognize that Defendant did assert his right to a speedy trial. We conclude, however, that Defendant was not prejudiced by the delay in scheduling his trial. *See id.* at 642, 789 P.2d at 590. More importantly, the State was ready for trial but for the unavailability of Deputy Loomis, a matter totally out of the control of either party. Under these circumstances, the witness's unavailability constitutes a valid reason for the delay, which on balance far outweighs the other factors. *Salandre,* 111 N.M. at 425, 806 P.2d at 565. Consequently, we conclude that Defendant's right to a speedy trial was not violated.

### D. *Violation of the Six Month Rule*

{15} Defendant argues that the prosecutor improperly circumvented the six-month rule contained in Rule 6–506(D) by dismissing the charges in magistrate court and filing the identical charges in district court. We rely on *State v. Bolton,* 1997–NMCA–007, ¶¶ 1, 11, 122 N.M. 831, 932 P.2d 1075, that discusses that although prosecutors may ordinarily file a nolle prosequi and subsequently file a new charge, when the prosecutor cannot demonstrate that the reason for dismissing was not a bad one, the new charge is subject to dismissal. The standard of review is de novo because the issue involves mixed questions of fact and law and the subject of this appeal is the type of reasons that would justify dismissal rather than the review of historical facts. *Id.* In denying Defendant's motion to dismiss, the district court found that the State was not responsible for the unavailability of the critical witness from the first of May until the expiration of the six-month time period and that there was no indication of unpreparedness on the State's part. Consequently, the State met its burden of showing that the reason for dismissing was not "to circumvent the six-month rule or other bad reasons." *Id.* at ¶ 14. We, therefore, affirm the trial court's denial of Defendant's motion to dismiss.

### E. *Prosecutorial Misconduct*

{16} Lastly, Defendant argues that the dismissal of charges in magistrate court and the filing of identical charges in district court was prosecutorial misconduct rising to the level of fundamental error. Fundamental error based on prosecutorial misconduct is normally raised on appeal when the error has not been properly preserved below and the appellant argues that the conduct was so egregious that the concept of fundamental fairness requires reversal in spite of the lack of preservation. *State v. Allen,* 2000–NMSC–002, ¶ 95, 128 N.M. 482, 994 P.2d 728. In this case, Defendant preserved his arguments which were raised in his brief and thoroughly discussed in Section II, C and D. The alleged error was pointed out to the trial court who evaluated the prosecutor's conduct in the context of Defendant's motions to dismiss and found that the prosecutor had no bad motive for her actions. We rely on our analysis in Section II, C and D and affirm on this issue as well.

## III. CONCLUSION

{17} Based on the foregoing, Defendant's convictions are affirmed.

{18} IT IS SO ORDERED.

WE CONCUR: JAMES J. WECHSLER, Judge, IRA ROBINSON, Judge.