This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v. **NO. 32,780**

**NORMAN EDWARD NABHAN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Stephen D. Pfeffer, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, NM

for Appellee

Trace L. Rabern
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1} Defendant Norman Nabhan argues that the State's nolle prosequi of his charges from magistrate court and subsequent refiling of the charges in district court (1) was impermissible under *State v. Heinsen*, 2005-NMSC-035, 138 N.M. 441, 121 P.3d 1040, and *State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20; (2) does not comport with the magistrate court's six-month rule; and (3) violated his right to be free from double jeopardy. Defendant also argues that his speedy trial rights were violated and that the district court abused its discretion when it allowed the State to reopen its case during trial to establish that, on the day he arrested Defendant, the arresting officer was a commissioned, salaried peace officer who was wearing his uniform at the time of the arrest. We are not persuaded by any of Defendant's arguments and affirm.

**BACKGROUND**

{2} Defendant was charged in magistrate court on February 11, 2011, with driving while under the influence of intoxicating liquor or drugs (DWI), contrary to NMSA 1978, Section 66-8-102(A) and (C)(1) (2010), and speeding, contrary to NMSA 1978, Section 66-7-301(B)(2) (2002). On March 18, 2011, Defendant filed a waiver of arraignment in magistrate court, which commenced the running of the six-month rule in magistrate court, pursuant to Rule 6-506(B)(1) NMRA. Approximately five months later, on August 10, 2011, a magistrate court jury was impaneled but not sworn. The

2

jury was instructed to return to court to start hearing evidence on Monday, September 12, 2011.

{3}     Toward the end of the day on the Friday before trial, the State was informed that the officer who administered Defendant's breath test would not be available to testify at trial "due to a recent extension of his sick leave." On Sunday, September 11, the State left a message for defense counsel advising her that he intended to request a hearing to determine the admissibility of the breath test results without the officer's testimony. Before the jury was sworn on Monday morning, the State made a formal motion in limine on the issue. After the hearing, the magistrate court entered an order granting defense counsel's request to continue the trial and extended the six-month rule "no longer than necessary" to allow the parties to submit briefs and for oral argument on the issue of the admissibility of the evidence. One week later, the State filed a nolle prosequi in magistrate court and on the same day refiled the criminal complaint in district court.

{4}     The case proceeded to a one-day jury trial in district court in January 2013. At the end of the State's case and after the State rested, defense counsel moved for a directed verdict. Defense counsel argued that pursuant to NMSA 1978, Section 66-8-124(A) (2007), the State had failed to prove that the stop was made by a commissioned, salaried peace officer who was wearing a uniform indicating his official status at the time of the arrest. The district court noted that a DVD of the stop

that had been played to the jury showed the officer in full uniform. The court permitted additional evidence regarding the officer's commission and salary status. The officer was recalled to the stand and testified that, on the day he arrested Defendant, he was commissioned, salaried, and wearing a uniform. Defendant was convicted of DWI, and this appeal followed.

**DISCUSSION**

**The State's Filing of the Nolle Prosequi in Magistrate Court and Subsequent Refiling of the Charges in District Court Was Not Improper**

{5} Defendant raises three claims of error related to the procedure and timing of the dismissal in magistrate court, which we take in the following order. He argues that the State's "procedural maneuvering" was impermissible under *Heinsen* and *Savedra*, and that the dismissal and refiling violated his rights to be free from double jeopardy. Defendant also argues that the State's action does not comport with the magistrate court's six-month rule. Whether the State properly filed a nolle prosequi is a mixed question of law and fact that we review de novo. *State v. Kerby*, 2001-NMCA-019, ¶ 15, 130 N.M. 454, 25 P.3d 904.

{6} As to the first issue, the State agrees that this case does not involve the suppression of evidence and that, therefore, our Supreme Court's ruling in *Heinsen* has no applicability to these proceedings. Accordingly, we need not address Defendant's argument that the State's dismissal of the magistrate court action was "an

4

improper abuse of the *Heinsen*" ruling. We further note that Defendant makes no argument that the State filed the nolle prosequi in order to circumvent the six-month rule or for purpose of delay, and we thus do not consider any issue in that regard. *See State v. Bolton*, 1997-NMCA-007, ¶ 14, 122 N.M. 831, 932 P.2d 1075 (stating that if a defendant claims the state has filed a nolle prosequi and reinstated charges in order to circumvent the six-month rule, then the burden is on the state to demonstrate its good faith), *abrogated on other grounds by Savedra*, 2010-NMSC-025.

{7}     As to the second issue, we are not persuaded by Defendant's argument that "this procedural maneuvering" violated his right to be free from double jeopardy. Defendant's right to be free of double jeopardy is protected by the United States and New Mexico constitutions. *See* U.S. Const. amend. V; N.M. Const. art. II, § 15. It is well established that in a jury trial, jeopardy attaches when the jury is empaneled and sworn to try the case. *State v. Collier*, 2013-NMSC-015, ¶ 13, 301 P.3d 370; *State v. Angel*, 2002-NMSC-025, ¶ 8, 132 N.M. 501, 51 P.3d 1155; *State v. Yazzie*, 2010-NMCA-028, ¶ 9, 147 N.M. 768, 228 P.3d 1188. Thus, "[i]n a criminal trial, jeopardy attaches at the moment the trier of fact is empowered to make any determination regarding the defendant's innocence or guilt." *Angel*, 2002-NMSC-25, ¶ 8. The question here is whether the magistrate court jury was empaneled and sworn for double jeopardy purposes, and we conclude that it was not.

{8}     In *State v. Rackley*, 2000-NMCA-027, ¶¶ 2-7, 128 N.M. 761, 998 P.2d 1212, we recognized that trial commences at different stages of a criminal case and that a six-month-rule issue is analytically separate from a constitutional speedy trial issue and, therefore, the inquiry under each issue differs. We held that, for speedy trial purposes, trial has commenced once jury selection has begun. *Id.* ¶ 4. Thus, the interests protected by the magistrate court's six-month rule—the timely disposition of cases and the concern with delay in bringing a defendant to trial caused by dismissal and refiling of charges—are served if jury selection gets underway before the time expires. *Id.* On the other hand, jeopardy, which prohibits successive prosecution for the same offense, more appropriately attaches in a jury trial when the jury is empaneled and sworn. *Cnty. of Los Alamos v. Tapia*, 1990-NMSC-038, ¶ 1 n.1, 109 N.M. 736, 790 P.2d 1017, *overruled on other grounds by City of Santa Fe v. Marquez*, 2012-NMSC-031, 285 P.3d 637.

{9}     Here, a magistrate court jury was chosen on August 10, 2011, but was not sworn. The jury was instructed to return to hear the evidence on September 12, 2011. However, on Monday morning when the jury returned but before it was sworn, the State filed a motion in limine. At Defendant's request, the magistrate judge granted a continuance to allow for briefing and for a hearing on the matter. Because the jury was never sworn and because it never heard any evidence, double jeopardy did not

6

attach in the magistrate court proceedings, and the State's dismissal in this case did not violate Defendant's constitutional rights.

{10} Defendant's argument on the last issue is less than clear. We understand his argument to be that the State violated the requirement in Rule 6-506A(A)(2) NMRA that notice of a voluntary dismissal be filed prior to commencement of trial, where the State filed a nolle prosequi after the jury was impaneled. In other words, Defendant appears to argue that the deadline for dismissal of cases is implicated at the time of jury selection rather than when the jury is sworn. We are not persuaded. The district court considered the issue and ruled that the phrase "commencement of the trial" in Rule 6-506A(A)(2) means the moment when jeopardy attaches and that, therefore, the State's dismissal of the case in magistrate court and refiling in district court did not violate the six-month rule. On appeal, Defendant does not reference the district court's ruling or contend that it was in error, nor does he provide any discussion or authority for his position that a speedy trial analysis applies to Rule 6-506A(A)'s deadline for dismissal, and we therefore assume no such authority exists. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (stating that when a party cites no authority to support an argument, we may assume no such authority exists). Notwithstanding Defendant's failure to develop this argument, we see no error in the district court's ruling.

{11}     Defendant appears to confuse Rule 6-506 and Rule 6-506A(A), which implicate different legal principles. Rule 6-506, known as the six-month rule, reinforces a defendant's right to a speedy trial, while Rule 6-506A(A) deals with the procedures for voluntary dismissals of a citation or criminal complaint in magistrate court and for refiling thereafter. Given the different purposes of the rules, we conclude that the only logical reason behind the deadline for dismissal contained in Rule 6-506A(A)(2) is to prohibit the unconstitutional refiling of cases in district court. Accordingly, that deadline is defined by double jeopardy rather than speedy trial principles. Our decision is further supported by the fact that, while the date of filing of dismissal would only be a consideration in a speedy trial analysis, that date is dispositive of whether the refiling of charges violates double jeopardy. Thus, under Rule 6-506A(A)(2), the State may dismiss a case and refile in district court any time before jeopardy attaches. As we have discussed above, the principles of speedy trial and double jeopardy define "commencement of trial" differently. And, as we have already decided, there is no double jeopardy violation in this case. The district court's ruling is affirmed.

**Defendant Failed to Preserve a Speedy Trial Issue**

{12}     Defendant contends that his constitutional right to a speedy trial was violated because his trial did not occur in the district court until two years after he was first

8

charged. The State argues that Defendant did not preserve this argument for appeal. We agree with the State.

**{13}** "It is well-settled law that in order to preserve a speedy trial argument [for appellate review, the d]efendant must properly raise it in the lower court and invoke a ruling." *State v. Lopez*, 2008-NMCA-002, ¶ 25, 143 N.M. 274, 175 P.3d 942. On appeal, this Court will not consider issues that were not raised in the district court unless they involve matters of fundamental rights or fundamental error. *In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431. Here, although Defendant filed a demand for speedy trial shortly after the case was refiled in district court and another one seven months later, there is no indication that he ever filed a motion, that the district court ever ruled on any motion, or that the court ever had any occasion to apply the four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *See State v. Garza*, 2009-NMSC-038, ¶ 13, 146 N.M. 499, 212 P.3d 387 (describing the analytical framework for addressing a speedy trial violation, which requires weighing the four *Barker* factors). Given Defendant's failure to invoke a ruling below on whether the State violated his constitutional right to a speedy trial, we hold that the issue was not preserved for appellate review. *See State v. Rojo*, 1999-NMSC-001, ¶¶ 50-51, 126 N.M. 438, 971 P.2d 829; *see also Lopez*, 2008-NMCA-002, ¶ 25. Accordingly, we do not consider it further.

**Permitting the State to Reopen Its Case Was Not an Abuse of Discretion**

{14}    Defendant's last claim challenges the district court's decision to permit the State to reopen its case in chief to address Defendant's challenge to the sufficiency of the evidence that the State did not prove that the arresting officer was commissioned and in uniform at the time of the stop and arrest. *See* § 66-8-124(A) ("No person shall be arrested for violating the Motor Vehicle Code . . . except by a commissioned, salaried peace officer who, at the time of arrest, is wearing a uniform clearly indicating the peace officer's official status."). The decision whether to permit a party to reopen its case in order to present additional evidence is a matter entrusted to the trial court's sound discretion. *State v. Ortiz*, 1978-NMCA-074, ¶ 23, 92 N.M. 166, 584 P.2d 1306. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Flores*, 2010-NMSC-002, ¶ 25, 147 N.M. 542, 226 P.3d 641 (internal quotation marks and citation omitted).

{15}    During the State's case in chief, Officer Stephen Carroll testified that he was a patrolman with the New Mexico State Police in Santa Fe, New Mexico. He had been with the State Police for about four-and-one-half years as of the time of trial. On Friday February 12, 2011, at approximately 1:55 a.m., Officer Carroll was patrolling northbound Cerrillos Road in Santa Fe. After observing Defendant's car traveling at

a high rate of speed, the officer activated the radar that is mounted in his unit. The radar confirmed that the car was speeding, and Officer Carroll started following the vehicle. After following for some distance and, after observing Defendant's inability to fully stop at a red light, Officer Carroll activated his emergency equipment to perform a traffic stop on the vehicle.

{16}    During the course of Officer Carroll's testimony, the State introduced—without objection—Exhibit A, which is a DVD of the traffic stop. The video was then played for the jury, showing Officer Carroll in his full uniform interacting with Defendant.

{17}    After the State rested, Defendant moved for a directed verdict, arguing that there was no testimony directly establishing that Officer Carroll was commissioned or salaried. Defendant also noted that there was no testimony establishing that Officer Carroll was in uniform or in a marked vehicle. The State countered that Defendant's argument went to the legality of the arrest, not the sufficiency of the evidence supporting the DWI charge, which was the question at issue, and that Officer Carroll's status as a salaried and commissioned peace officer was not an element of the offense of driving while intoxicated. The district court noted that the jurors could see the uniform in the DVD of the stop and allowed additional evidence on the question of Officer Carroll's status. Officer Carroll was recalled to the stand and testified that on the day he arrested Defendant, he was commissioned, salaried, and wearing a uniform.

{18} At the outset, we note that Defendant's argument below and on appeal is premised on whether sufficient evidence existed establishing that Officer Carroll was a commissioned, salaried peace officer who was wearing a uniform at the time of the stop. However, that issue was never part of the elements of the offense with which Defendant was charged and ultimately convicted. Indeed, the jury was instructed only that in order to find Defendant guilty, it had to find he operated a motor vehicle on or about February 12, 2001 and, at the time, was under the influence of intoxicating liquor. Thus, the jury never had to make any determination as to the status of Officer Carroll's commission, salary, or uniform. Because the issue raised in a motion for directed verdict is whether there is substantial evidence to support the charge, *State v. Romero*, 1990-NMCA-114, ¶ 10, 111 N.M. 99, 801 P.2d 681, and because the charge was DWI, the district court did not abuse its discretion in permitting the limited testimony.

{19} To the extent that Defendant contends that the district court's denial of the motion for directed verdict violated his double jeopardy rights, we disagree. Our Supreme Court has observed that the double jeopardy clause encompasses three protections: "(1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense."

*State v. Lynch*, 2003-NMSC-020, ¶ 9, 134 N.M. 139, 74 P.3d 73. None of those situations are present in this case, which involved a single trial to verdict.

{20}    We conclude that the matter was addressed to the sound discretion of the court, and there was no abuse of discretion. Nor was the district court's ruling barred by double jeopardy concerns.

**CONCLUSION**

{21}    The decision of the district court is affirmed.

{22}    **IT IS SO ORDERED.**


_____
                                    **LINDA M. VANZI, Judge**

**WE CONCUR:**



_____
**RODERICK T. KENNEDY, Chief Judge**



_____
**M. MONICA ZAMORA, Judge**