This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **No. 34,707**

**GWENDOLYN ETHERLY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

City of Albuquerque
Jessica M. Hernandez, City Attorney
Nicholas H. Bullock, Assistant City Attorney
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

{1}      Defendant, Gwendolyn Etherly, received a conviction in metropolitan court, appealed that conviction to the district court, and was granted trial de novo. She failed to appear for that trial at the scheduled time. Pursuant to Rule 5-828(B) NMRA, the district court held a show cause hearing so that Defendant could explain the reason for her absence. After the hearing, the district court concluded that Defendant failed to show good cause for her failure to appear for trial, and dismissed the appeal pursuant to Rule 5-828(B). Defendant appeals that dismissal, but has provided no transcript for our review and does not cite to anything in the record that supports the factual assertions on which her argument depends. In light of the complete absence of evidence to the contrary, we conclude that the district court did not abuse its discretion in dismissing Defendant's appeal.

**I.      BACKGROUND**

{2}      Defendant was convicted in Bernalillo County Metropolitan Court for violating the City of Albuquerque's animal ordinance. Defendant appealed that conviction to the district court, seeking a de novo trial pursuant to NMSA 1978, Section 34-8A-6(D) (1993). Defendant failed to appear at the specified time on the date that the trial was scheduled to take place. Upon the State's motion, the district court dismissed the case. Defendant filed a motion to reconsider dismissal, requesting that the court schedule a show cause hearing. The State stipulated to Defendant's motion. The

2

district court held a hearing on the motion on March 10, 2015, after which it denied Defendant's motion and issued an order dismissing Defendant's appeal. In its order, the district court made the following findings of fact:

> 2. A de novo trial on the merits was set by this Court for January 31, 2015. All parties were present before this Court on December 9, 2014 for the scheduling of the trial.
>
> 3. Appellant failed to appear at the trial on January 31, 2015.
>
> 4. Pursuant to Rule 5-828(B), a hearing was held on March 10, 2015 for Appellant to demonstrate good cause for her failure to appear at the January 31, 2015 trial.
>
> . . . .
>
> 7. Argument was heard and it was determined by this Court that Appellant failed to show good cause for her non-appearance at the hearing.[1]

Defendant now appeals the district court's dismissal of the case.

## II. DISCUSSION

{3}	In her appellate brief, Defendant makes several factual assertions. None of those assertions are supported by citation to the record. In fact, Defendant's brief is completely devoid of any citations to support factual statements, save a single

---

[1]We note that, although the district court's findings stated that the trial was held on January 31, 2015, the rest of the record proper clearly indicates that the trial was scheduled for and held on January 30, 2015. The date in the court's findings appears to be a typographical error.

reference to the docketing statement. Rule 12-213(A)(3) NMRA clearly states that a summary of relevant facts must contain citations to the record proper, transcript of proceedings, or exhibits to support each factual representation. Defendant, as the appellant, therefore bears the burden of bringing a record that is sufficient to demonstrate the validity of her contentions and cite to the pertinent portions of that record in her brief. *See, e.g.*, *Drake v. Trujillo*, 1996-NMCA-105, ¶ 18, 122 N.M. 374, 924 P.2d 1386. Defendant's failure to satisfy this burden and comply with Rule 12-213(A)(3) is grounds for striking the brief in chief in its entirety or declining to address contentions made therein. *See, e.g.*, *State v. Kerby*, 2001-NMCA-019, ¶ 6, 130 N.M. 454, 25 P.3d 904 (stating that the failure to cite to the record proper or transcript is grounds for striking brief in chief in its entirety); *State v. Goss*, 1991-NMCA-003, ¶ 12, 111 N.M. 530, 807 P.2d 228 (stating that the failure to comply with Rule 12-213 may result in appellate court declining to address issues on appeal). Defense counsel is cautioned to read and follow appellate rules, and avoid similar violations in the future.

{4}     The unsupported factual assertions made in Defendant's brief include an assertion that she testified during the March 10, 2015 show cause hearing that she was mistaken about the time of the trial and that she had arrived only minutes after the district court dismissed the case. Defendant asserts that this factual basis was adequate

to show good cause to vacate the dismissal under Rule 5-828(B). Defendant also suggests that *State v. Wilson*, 1993-NMCA-032, ¶ 24, 116 N.M. 802, 867 P.2d 1184, requires a finding of "extreme willfulness" to justify dismissal. Thus, Defendant suggests that because her testimony demonstrated that her failure to appear was merely negligent, she did not act willfully, and her case should not have been dismissed.

{5}     While Defendant advocates for the use of the *Wilson* standard of "extreme willfulness" on appeal, nothing in the record indicates Defendant proffered this theory to the district court. In fact, Defendant concedes that this argument was not preserved and asks that we review for fundamental error. Therefore, we first determine if error occurred; if so, we then turn to a determination of whether that error was fundamental. *Campos v. Bravo*, 2007-NMSC-021, ¶ 8, 141 N.M. 801, 161 P.3d 846. The district court's dismissal of Defendant's appeal for trial de novo is error if it constitutes an abuse of discretion. *Peralta v. State*, 1991-NMSC-034, ¶ 1, 111 N.M. 667, 808 P.2d 637. An abuse of discretion occurs when a ruling is "clearly against the logic and effect of the facts and circumstances of the case." (internal quotation marks and citation omitted). *State v. Lasner*, 2000-NMSC-038, ¶ 16, 129 N.M. 806, 14 P.3d 1282.

{6}     Rule 5-828(B), which governs the district court's ability to dismiss appeals

5

from metropolitan court, allows dismissal if the defendant "fails to show good cause for the failure to appear" for the de novo trial. If the defendant shows good cause, the district court is required to reschedule the trial. *Id.* Though carrying many different connotations, the term "good cause" in its most basic form is defined as a "legally sufficient reason." *Black's Law Dictionary* 266 (10th ed. 2014). The record clearly indicates that Defendant was present when the January 30, 2015 trial was scheduled, and it is undisputed that Defendant failed to appear at the scheduled time of trial. Defendant's motion for reconsideration was premised on her desire for "an opportunity for the court to hear her explanation for why she was not present at the appointed hour." There is no other evidence in the record on which to base our review of the district court's determination.

{7}     An appellate court considers only facts that appear in the record. *See, e.g.*, *Nix v. Times Enters., Inc.*, 1972-NMCA-070, ¶ 15, 83 N.M. 796, 498 P.2d 683. "Upon a doubtful or deficient record we indulge every presumption in support of the correctness and regularity of the decision of the trial court. Every reasonable intendment and presumption are resolved in favor of the proceedings and judgment in that court." *State ex rel. Alfred v. Anderson*, 1974-NMSC-101, ¶ 6, 87 N.M. 106, 529 P.2d 1227 (citations omitted); *see Jones v. Schoellkopf*, 2005-NMCA-124, ¶ 34, 138 N.M. 477, 122 P.3d 844 ("If the appellant does not designate the necessary

portions, the appellee may do so or may rely on the proposition that the appellant has not brought a sufficient record to the appellate court[.]").

{8} As there are no facts contrary to the district court's conclusion, and based solely on the limited record in this case and the facts contained therein, we cannot conclude that the district court abused its discretion in dismissing the appeal pursuant to Rule 5-828(B). *See Reliance Ins. Co. v. Marchiondo*, 1977-NMSC-106, ¶¶ 6-11, 91 N.M. 276, 573 P.2d 210 ("Having neglected to provide a proper record on appeal, [the appellant] cannot challenge here the correctness of the decision of the trial court. . . . Here[, the appellant] has failed to provide a record from which such a showing could be made."). Because we conclude that no error occurred, we need not continue with a fundamental error analysis. *See Campos*, 2007-NMSC-021, ¶ 8.

**III.   CONCLUSION**

{9} Defendant's woefully inadequate brief in this case accompanies a sparse record proper and very few facts. Because none of the facts in the record stand opposed to the district court's dismissal of Defendant's appeal, we affirm.

{10}    **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**
**WE CONCUR:**


_____

7

**JAMES J. WECHSLER, Judge**

_____
**M. MONICA ZAMORA, Judge**

8