**Certiorari Denied, No. 31,436, December 22, 2008**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-008**

**Filing Date: November 5, 2008**

**Docket No. 28,055**

**STATE OF NEW MEXICO,**

    **Plaintiff-Appellee,**

**v.**

**ROBERT HAYES,**

    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellee

The Rose Law Firm
Timothy L. Rose
Ruidoso, NM

for Appellant

**OPINION**

**WECHSLER, Judge.**

**{1}**     Defendant Robert Hayes appeals from the district court's judgment, partially

1

suspended sentence, and commitment to the penitentiary. He contends that the district court erred in denying his motion to dismiss for the violation of his right to a speedy trial. We affirm.

**BACKGROUND**

**{2}** On April 14, 2006, the State filed a criminal complaint in magistrate court charging Defendant with fraud over $250, a fourth-degree felony under NMSA 1978, § 30-16-6 (1987) (amended 2006), and cruelty to animals, a misdemeanor under NMSA 1978, § 30-18-1(B)-(D) (2001) (amended 2007). Defendant was arrested on June 9, 2006 and released the same day after securing a $5000 surety bond. The magistrate court imposed several restrictions on Defendant in conjunction with his release. On July 14, 2006, Defendant waived his right to a preliminary hearing, and the magistrate court's order binding Defendant over for trial in the district court was filed in that court on July 24, 2006. The next day, the State filed a criminal information in the district court that included the same charges that were included in the magistrate court criminal complaint. Defendant filed a waiver of arraignment and entered a plea of not guilty in the district court on August 3, 2006 and, apparently because his attorney did not sign that pleading, again on August 7, 2006. Defendant also filed a demand for a speedy trial on August 3, 2006. On September 28, 2006, while on release in this case, Defendant was convicted in another case and sentenced to a term of eighteen months of incarceration. The district court suspended that sentence and instead placed Defendant on probation, with conditions and under supervision, for the eighteen-month period.

**{3}** The district court judge who was first assigned to the case at issue in this appeal scheduled it for a December 6, 2006 trial on a trailing docket, but the State filed a notice of excusal of that judge. The case was then set for a November 6, 2006 trial on a trailing docket before another judge. However, that trial setting was vacated because another case against a different defendant proceeded to trial. On December 18, 2006, the district court set the case for trial on January 31, 2007, again on a trailing docket. On January 17, 2007, the State filed a petition for an extension of time to commence Defendant's trial under Rule 5-604 NMRA. Over Defendant's objection, the district court granted an extension until May 3, 2007. On March 26, 2007, the district court set Defendant's case for trial on a trailing docket for April 26, 2007. That setting was also vacated because another case proceeded to trial. On May 29, 2007, our Supreme Court, over Defendant's objection, granted the State's petition for another extension of time to commence Defendant's trial under Rule 5-604. That order required the State to commence Defendant's trial by August 3, 2007.

**{4}** On June 14, 2007, the State moved the district court to review the conditions of Defendant's release and to revoke his bond because he had violated its conditions, as well as his conditions of probation in another case. The district court subsequently issued a bench warrant for Defendant's arrest on June 26, 2007. On June 29, 2007, the district court set Defendant's case on the fraud and animal cruelty charges for trial on August 2, 2007.

2

**{5}** On July 18, 2007, Defendant filed a motion to dismiss for the violation of his right to a speedy trial. The State filed a response, and, after a hearing, the district court denied Defendant's motion. On July 31, 2007, Defendant entered a conditional plea of no contest to the charges, reserving his right to appeal the district court's denial of his motion to dismiss. The district court adjudicated Defendant's guilt and entered its judgment, partially suspended sentence, and commitment to the penitentiary, from which Defendant appeals.

## MOTION FOR SPEEDY TRIAL

**{6}** The district court order denying Defendant's motion to dismiss sets forth findings of fact and conclusions of law. Defendant does not dispute the findings of fact and challenges only the conclusions of law. As a result, we undertake a de novo review of the district court's application of the law to the facts. *See State v. Brown*, 2003-NMCA-110, ¶ 11, 134 N.M. 356, 76 P.3d 1113.

**{7}** We first address an issue of agreement between the parties. The district court applied *State v. Garcia*, 110 N.M. 419, 796 P.2d 1115 (Ct. App. 1990), and concluded as an independent ground for denying Defendant's motion to dismiss that, in granting the State's petition for an extension, "[t]he Supreme Court expressly considered the issues underlying Defendant's claim of a speedy trial violation and thus the extension becomes the law of this case." Defendant argues that the Supreme Court did not so consider its speedy trial claim, and the State agrees that the district court erred in this regard. In *State v. Manzanares*, 1996-NMSC-028, ¶ 7, 121 N.M. 798, 918 P.2d 714, our Supreme Court expressed its affirmance of *Garcia* "to the effect that [its] ruling on a Rule 5-604 motion is not determinative of a subsequent speedy-trial motion except in the unlikely event the record specifically reflects [its] analysis and decision on the issue being raised again below." There is no such indication in the record in this case, and we agree with the parties that the district court erred in applying *Garcia*.

**{8}** We thus turn to Defendant's argument that he was denied his right under the Sixth Amendment to the United States Constitution to a speedy trial. We address Defendant's argument by balancing the factors discussed in *Barker v. Wingo*, 407 U.S. 514 (1972): "(1) the length of the delay, (2) the reasons for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant." *State v. Johnson*, 2007-NMCA-107, ¶ 5, 142 N.M. 377, 165 P.3d 1153.

**{9}** The parties do not agree as to the length of the delay. Defendant asserts that his speedy trial right attached with the filing of the criminal complaint in magistrate court on April 14, 2006, resulting in a delay exceeding fifteen months. The State takes the position that the right attached with the filing of the criminal information in district court on July 25, 2006, because, until then, the district court did not have jurisdiction to try Defendant. According to the State, the delay was therefore twelve months. Despite the parties' disagreement, we need not address this issue. The parties agree that Defendant's case was a simple one, giving rise to a presumptively prejudicial delay after nine months. *See*

3

*Salandre v. State*, 111 N.M. 422, 428, 806 P.2d 562, 568 (1991) ("We are of the opinion that nine months marks the minimum length of time that may be considered presumptively prejudicial, even for a case such as this involving simple charges and readily-available evidence."). With this presumptively prejudicial delay, the State has the burden of showing, when balancing the *Barker* factors, that Defendant's right was not violated. *Zurla v. State*, 109 N.M. 640, 646, 789 P.2d 588, 594 (1990). Although we must weigh the length of this delay against the State, *see Johnson*, 2007-NMCA-107, ¶ 8, even if we were to weigh it significantly, our analysis in this case and conclusion that Defendant's constitutional right to a speedy trial was not violated would not change.

**{10}** The district court found that the reasons for the delay were "almost entirely due to the [c]ourt's crowded docket and the relative unavailability of courtroom space in Lincoln County" and therefore weighed these reasons only slightly against the State. Defendant now disputes the district court's conclusion, pointing to the State's responsibility to bring the case to trial, *see Johnson*, 2007-NMCA-107, ¶ 11, and contending that the State did not make requests for trial settings or do anything else to ensure that a speedy trial took place. Defendant further asserts that there was no evidence that the district court's docket was anything but ordinary and, nevertheless, that a heavy trial docket should be weighed against the State. We do not agree that the district court improperly analyzed the "reason for delay" factor. This Court has previously stated that an "extensive caseload" that causes overcrowding in the district court is to be considered a neutral reason for delay that weighs against the state because of its ultimate responsibility of moving a criminal case to trial. *See State v. Kilpatrick*, 104 N.M. 441, 445, 722 P.2d 692, 696 (Ct. App. 1986) ("A neutral reason, such as negligence or extensive caseload, should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." (internal quotation marks and citation omitted)). Although Defendant argues that the district court did not have a particularly heavy caseload, we believe that (1) the district court is in the best position to know the extent of its caseload, and (2) the notices of trial settings of the district court in the record show the setting of numerous cases on the court's trailing docket. Accordingly, we weigh this factor slightly against the State.

**{11}** As to Defendant's assertion of his right to a speedy trial, the district court concluded that "Defendant has aggressively and consistently asserted the right to a speedy trial." The district court therefore concluded that the assertion of this factor weighed against the State. We agree.

**{12}** The last *Barker* factor focuses on the prejudice to the defendant caused by the delay. *See Johnson*, 2007-NMCA-107, ¶ 5. Defendant claims that he suffered prejudice because his liberty was restricted in an oppressive way; the pending charges caused him "much shame, embarrassment, and emotional distress from being under the infamy of this felony information"; and the State listed additional witnesses while Defendant was incarcerated on another charge. The district court did not weigh any prejudice to Defendant against the State in denying Defendant's motion to dismiss, and we agree with the district court's assessment.

4

"To support a finding of prejudice, the evidence must show a nexus between the undue delay in the case and the prejudice claimed." *State v. Laney*, 2003-NMCA-144, ¶ 25, 134 N.M. 648, 81 P.3d 591 (alteration omitted) (internal quotation marks and citation omitted).

**{13}** First, Defendant was not oppressively incarcerated by the magistrate court. Defendant was arrested and released on bond the same day. Although Defendant was subjected to conditions on release, he was also released pending trial in another felony case. Also, while on release in this case, Defendant was subsequently convicted in the other case, issued a suspended sentence of incarceration, and placed on probation, with conditions such as the requirement that he submit to warrantless searches at the discretion or direction of his probation officer or any law enforcement officer.

**{14}** Second, with respect to Defendant's argument that he suffered shame, embarrassment, and emotional distress, the district court concluded that any such "public obloquy from these charges [for fraud and cruelty to animals] is minimal compared to that from the conviction [for failing to register as a sex offender] entered against him." In analyzing this factor, we must consider that "[s]ome degree of oppression and anxiety is inherent for every defendant who is jailed while awaiting trial." *Id.* ¶ 29. However, Defendant, for the most part, was not even in custody in connection with the charges in the case that he is now appealing. We therefore agree with the district court that Defendant did not suffer prejudice in this regard.

**{15}** Third, Defendant claims that the State's filing of additional witness lists late in the case and while Defendant was incarcerated in the other case impaired his defense. The record reveals that the State filed supplemental disclosures of witnesses on May 31, 2007 and July 20, 2007. However, Defendant provides no indication regarding how he may have been prejudiced by the State's listing of these additional witnesses. Furthermore, the fact of Defendant's incarceration certainly does not weigh against the State. Thus, we do not see any connection between the delay in this case and Defendant's claims of prejudice. *See id.* ¶ 25. We therefore agree with the district court that the prejudice factor does not weigh against the State.

**{16}** Having analyzed each of the *Barker* factors, we must now balance them. *See State v. Lujan*, 2003-NMCA-087, ¶ 29, 134 N.M. 24, 71 P.3d 1286. We do so giving consideration to all of the factors based on the circumstances of this case. *Id.* As we have determined that the first three factors weigh against the State, we must determine whether the absence of prejudice to Defendant fulfills the State's burden to overcome the presumption of prejudice that arises from the delay in this case. We conclude that it does. The focus of a speedy trial analysis is undue prejudice. *Laney*, 2003-NMCA-144, ¶ 29. In this case, there was undue delay that was caused, for the most part, by the district court's crowded docket and unavailability of courtroom space. Defendant asserted his speedy trial right, but he was ultimately not prejudiced by the delay. Indeed, while this case was pending, he was awaiting trial and subsequently convicted in another felony case. He was placed on probation and even incarcerated in the other case. Under these circumstances, in

5

which there is a clear absence of prejudice, the State has demonstrated that Defendant's Sixth Amendment right to a speedy trial was not violated. *See id.* ¶¶ 29-30 (concluding that the defendant's failure to show undue prejudice was critical to this Court's finding that no violation of his right to a speedy trial occurred despite an eleven-month delay in a case of borderline simple/intermediate complexity).

**CONCLUSION**

**{17}** We affirm the district court.

**{18}** **IT IS SO ORDERED.**

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

**CELIA FOY CASTILLO, Judge**

**MICHAEL E. VIGIL, Judge**

Topics for *State v. Hayes,* No. 28,055

| CT | Constitutional Law |
|----|----|
| CT-SP | Speedy Trial |

| CA | Criminal Procedure |
|----|----|
| CA-PB | Probation |
| CA-PJ | Prejudice |
| CA-SP | Speedy Trial |