This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39009**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**JOSE ZAVALA,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett Loveless, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Caitlin C.M. Smith, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant was convicted of possession of a controlled substance. In the course of a previous appeal we reversed and remanded for reconsideration of a request for continuance. The district court duly reevaluated the matter, and once again determined that the request was properly denied. Defendant has appealed from that decision. We issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a memorandum in opposition. We remain unpersuaded by the assertion of error. We therefore affirm.

**{2}** The relevant background information and legal principles have previously been set forth. We will avoid undue reiteration here, and instead focus on the content of the memorandum in opposition.

**{3}** As an initial matter, we understand Defendant to contend that the district court's references to the local rule and good cause for extension of deadlines reflect an improper presumption against granting the requested continuance. [MIO 5, 8-9] Defendant further suggests that this is "in tension" with our prior decision, in which we expressed concern about this prospect. [MIO 9] However, in our prior decision we did not take the position that the local rule was in conflict with the relevant approach, as described in *State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20. Given the district court's thorough and thoughtful analysis of each of the *Torres* favors, we reject Defendant's suggestion that the district court applied the wrong standard. *See generally Smith v. Galio*, 1980-NMCA-134, ¶ 4, 95 N.M. 4, 617 P.2d 1325 ("In reviewing the trial court's findings, the appellate court is to consider them as a whole and construe them in a manner so as to uphold, rather than defeat, the judgment.").

**{4}** Defendant further renews his argument that the district court arrived at the wrong conclusion, specifically challenging the district court's assessment relative to the first, fifth, and seventh *Torres* factors. [MIO 5-14]

**{5}** With respect to the length of the delay, Defendant contends that the district court should have focused narrowly on his stated request for as little as fifteen days, and found that the first factor weighed unequivocally in his favor. [MIO 2, 8-10] However, as we observed in the notice of proposed summary disposition, [CN 2-3] the district court expressed reasonable skepticism, given that additional delays would almost certainly have ensued to accommodate both the need for newly retained counsel to prepare for trial and the inevitable ensuing scheduling difficulties. [RP 279-80] This justifies the court's ambivalence. To the extent that Defendant suggests these pragmatic considerations should have been disregarded, we remain unpersuaded. *See generally State v. Hayes*, 2009-NMCA-008, ¶ 10, 145 N.M. 446, 200 P.3d 99 (noting that "the district court is in the best position to know the extent of its caseload"); *State v. Ahasteen*, 1998-NMCA-158, ¶ 28, 126 N.M. 238, 968 P.2d 328 (recognizing the inherent authority of the district courts to supervise and control the movement of cases on their dockets, from the time of filing through final disposition), *abrogated on other grounds by State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20.

**{6}** With respect to the fifth factor, Defendant disputes the district court's determination that he sought the continuance for the improper purpose of delaying the proceedings. [MIO 10-11] In light of Defendant's stated preference for privately retained counsel, as well as his court-appointed attorney's subsequent suggestion that "a rift developed . . . when they lost pretrial motions," [MIO 11] Defendant contends that the district court should have credited his stated desire to seek new counsel. [MIO 10-11] However, the district court was not required to accept Defendant's assertions. *See generally State v. Dawson*, 1999-NMCA-072, ¶ 16, 127 N.M. 472, 983 P.2d 421 (recognizing that it is for the district court, as fact-finder, to evaluate credibility, and the

court is not required to credit a defendant's assertions). The district court could reasonably infer, from Defendant's timing and his failure to supply any reasonable explanation, that the eleventh-hour request was simply a dilatory tactic. *See generally Convisser v. Ecoversity*, 2013-NMSC-039, ¶ 19, 308 P.3d 125 ("Where the exercise of judicial discretion involves fact-finding, we will not reweigh the evidence nor substitute our judgment for that of the fact[-]finder." (internal quotation marks and citation omitted)); *Peralta v. State*, 1991-NMSC-034, ¶ 6, 111 N.M. 667, 808 P.2d 637 ("We recognize criminal trials must proceed with diligence, and trial courts cannot countenance neglect or dilatory tactics meant to impede the judicial process.").

{7}     Finally, with respect to the seventh factor, Defendant urges that the denial of the opportunity to pursue counsel of choice is per se prejudicial. [MIO 12-13] However, even if we assume that to be the case, it does not require a different outcome. *See id.* (observing that a defendant's stated desire to seek a new attorney may be inadequate to warrant a continuance).

{8}     Ultimately, the grant or denial of a continuance is within the sound discretion of the trial court, and the burden of establishing abuse of discretion rests with the defendant. *State v. Salazar*, 2007-NMSC-004, ¶ 10, 141 N.M. 148, 152 P.3d 135. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *Id.* (internal quotation marks and citation omitted). In this case, we conclude that Defendant failed to satisfy his burden of demonstrating such an abuse of discretion.

{9}     Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

{10}   **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**BRIANA H. ZAMORA, Judge**